## Bond *vs.* Mitchell.

A declaration in replevin must allege that the articles replevied were the goods and chattels of the plaintiff. And it is not sufficient for the plaintiff to say that the goods were taken by the defendant out of his possession, and that he was entitled to the possession of them.

In an action of replevin the plaintiff is not at liberty to state, in his declaration, the evidence of his title, in place of an averment of title.

THIS was an action of replevin. The second count of the declaration was as follows: " And also for that the said defendant afterwards, to wit, on the first day of June, 1846, in the town of Shawangunk, in the county of Ulster aforesaid, took a certain horse, wagon, and harness out of the possession of the plaintiff, and to the possession of which the said plaintiff was and is lawfully entitled, of the value of three hundred dollars, and unjustly detained, &c. &c." The defendant demurred, and stated for cause of demurrer, that the said second count set forth the evidence of facts and matters of law ; that it did not appear in said count, except by argument, inference, and the evidence of facts, that the plaintiff had any right, title or interest in or to the goods and chattels in said count mentioned. The plaintiff joined in demurrer.

*E. Cooke*, for the plaintiff.

*M. Schoonmaker*, for the defendant.

*By the Court,* PARKER, J. According to well established precedents, it should have been alleged in the declaration, that the articles replevied were the goods and chattels " *of the plaintiff.*" (2 *Chit, Pl.* 364.) Instead of that, the plaintiff says the goods were taken by the defendant out of his possession, and that he was entitled to the possession of them. It is true, that proof that the defendant took the property out of the plaintiff's

possession, would support the allegation that they were the goods and chattels *of the plaintiff*; (*Rogers* v. *Arnold*, 12 *Wend.* 39 ;) but the plaintiff is not at liberty to state, in his declaration, the evidence of his title, in place of an averment of title. In this respect the pleading is defective. (*Prosser* v. *Woodward*, 21 *Wend.* 205.) The plaintiff should have claimed the property to belong to him. The defendant could then have traversed such allegation by pleading property in himself, or in a third person. And the materiality of such an averment is apparent from the fact that a plea of property, in replevin, only puts in issue the plaintiff's allegation of title to the property. (*Anstice* v. *Holmes*, 3 *Denio*, 244. *Rogers* v. *Arnold*, 12 *Wend.* 30.)

But even if the defect above specified is one of form and not of substance, the defendant may nevertheless avail himself of it, in this case, the demurrer being special. Established precedents are not to be disregarded in pleading, even in a matter of mere form. (*Anstice* v. *Holmes, above cited. Titus* v. *Follet,* 2 *Hill,* 318.)

There must be judgment for the defendant on the demurrer, with leave to the plaintiff to amend, on payment of costs.

