---

Vandenburgh *v.* Van Valkenburgh.

---

---

Same Term.    *Before the same Justices.*

Vandenburgh *vs.* Van Valkenburgh and others.

A declaration in replevin must alledge that the property replevied *is the property of the plaintiff.* This must be done by a direct and issuable averment, and not by allegations of the evidence of such ownership.

It is not sufficient to alledge that the plaintiff is entitled to the *possession* of the goods, and that they are *the property* of him, the plaintiff, *by virtue of attachments duly issued,* by a justice of the peace, and delivered to the plaintiff, as a constable, to be executed.

Vandenburgh *v.* Van Valkenburgh.

The 176th section of the code is not to be understood as making valid a bad plead-
ing, in a suit brought under the old practice, when the defects are made the
ground of demurrer.

DEMURRER to declaration in an action of replevin. The
declaration alledged that the defendants were summoned to an-
swer the plaintiff in a plea of taking and unjustly detaining
divers goods and chattels *which the plaintiff was entitled to the
possession of,* and which were thereinafter described and set
forth. The plaintiff then complained that on, &c. at the town
of Athens, on the farm and premises of Conrad Sagar, the de-
fendants took two fields of rye, growing on the ground, and all
the manure around the barn on the premises of said Sagar, *the
property of him the said plaintiff by virtue of several attach-
ments* duly issued by James Mullen, Esq. a justice of the peace
of the said county of Greene, against the property of the said
Conrad Sagar, one in favor of Casper N. Van Loan, one of Na-
thaniel M. Howland, one of Darius Howland, one of Ethan S.
Fox and Jonas Orser, he the said justice having jurisdiction to
issue the same, and which attachments were founded on the
proper application, bonds and affidavits, and delivered to the
said plaintiff, he being a constable of said town of Athens, and
as such duly executed said attachment by taking the said goods
and chattels aforesaid into his custody, and delivering the proper
inventory, and which issuing and service of said attachments
were in every respect according to law and the statute in such
case made and provided, whereby the aforesaid property became
the goods and chattels which the said plaintiff was entitled to
the possession of—of great value, to wit, of the value of $100—
and that the said defendants unjustly detained the same; where-
fore the said plaintiff, &c.

The defendant demurred specially, assigning the following
causes of demurrer: 1. That the said declaration, instead of al-
ledging a general or special property in the plaintiff in the goods
and chattels alledged to have been taken, only alledged that he
was *entitled to the possession* thereof. 2. That there was no
certain, direct and positive averment of property in said goods
and chattels in the plaintiff, but only by way of argument or

---
Vandenburgh *v.* Van Valkenburgh.
---

inference.    3. That instead of a direct and positive allegation of property in said goods and chattels in the plaintiff, the declaration detailed the evidence or facts on which the question of title rested and by which it was to be supported.    4. That the evidence or facts thus detailed, (if admissible as an averment of property,) did not make out a right of property in the plaintiff, either general or special.    5. That if it were proper to alledge the evidence supporting the plaintiff's title to the property, it was not alledged with that particularity and detail which on its face showed or established any right in the plaintiff.    Nor did it show the form or nature of the attachments, nor upon what applications, bonds or affidavits they were issued ; nor how in particular executed ; nor upon whose property.    6. That the declaration did not alledge that the defendants wrongfully or illegally took the property or goods and chattels in the declaration specified.    7. That it did not alledge that the defendants took the property after the plaintiff's right or title accrued.

*S. Stevens,* for the plaintiff.

*H. Hogeboom,* for the defendants.

*By the Court,* PARKER, J.    The declaration in this cause is clearly bad, within the cases of *Pattison* v. *Adams,* (7 *Hill,* 126,) and *Bond* v. *Mitchell,* (3 *Barb. Sup. Court Rep.* 304.)    The plaintiff should have alledged that the property replevied *was the property of the plaintiff.*    This should have been done by a direct and issuable averment, and not by allegations of the evidence of such ownership.    The facts set forth in the declaration, if proved, would have been proper evidence in support of the allegation of property in the plaintiff.    This question has been so recently before this court, in one of the cases above cited, that it is only necessary to refer to the opinions in these cases for the authorities and reasons for the decision.

The counsel for the plaintiff claims that the error in pleading may be disregarded under section 176 of the code, which, by the 2d section of the supplemental act is made applicable to existing suits.    That section directs that the court shall, in every stage

of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the party; and that no judgment shall be reversed or affected by reason of such error or defect. I do not understand this section as making valid a bad pleading, in a suit brought under the old practice, when the defects complained of are made the ground of demurrer. The defect was pointed out by the demurrer, and the plaintiff might then have amended his declaration. He preferred, however, to take issue on the question whether the pleading is defective; and its sufficiency must therefore be determined by the court. The 176th section of the code adds but little, if any thing, to the power of amendment conferred by sec. 8, 2 R. S. 2d ed. 344.

The demurrer is well taken, and there must be judgment for the defendants, with leave to the plaintiff to amend on payment of costs.

---

MONROE GENERAL TERM, March, 1850.  *Selden, Maynard, and Welles,* Justices.