Bocees, J.
The complaint is in replevin to recover the possession of personal property. The objection to the complaint *273 is that it is not averred that the plaintiff is the owner or has title to the property, nor that he had the right of possession by virtue of a special property therein as required by the Code of Civil Procedure (Sec. 1720). An omission of an averment to the effect that the plaintiff was the owner of the property sought to be recovered, or was entitled to its possession by virtue of a special property therein, has been often held to be a fatal defect in a complaint in replevin (Bond agt. Mitchell, 3 Barb., 304; Vandeburgh agt. Van Valkenburgh, 8 Barb., 217; Pattison agt. Adams, 7 Hill, 126; Scofield agt. Whiteledge, 10 Abb. [N. S.], 104; S. C., 49 N. Y., 259). This rule of pleading has not been at all changed by the Code of Civil Procedure.
The complaint in this case is plainly defective because of an omission of an averment that plaintiff is the owner of or has title to the property in suit. Such omission is manifest on a brief synopsis of the pleading. It is averred (1) that the defendant detains the property set out in the schedule from the plaintiff; (2), that one Emma NT. Scovill (not the defendant) executed and delivered to the plaintff a chattel mortgage upon the property; (3), that by the terms of the mortgage that the plaintiff had become entitled to the possession of the property; (4), that the defendant had its possession, and (5), refused to deliver it to the plaintiff on demand. ¡Now, here is no averment that the plaintiff owned or had title to the property. It is even averred that the mortgagor had title to or right to mortgage the property, or that she even had its possession. There is no averment in terms of even a wrongful detention of the property, although this would not have cured the difficulty in pleading (Scofield agt. Whitelegge, 49 N. Y., 259). In this case it was said by Folger, J., that a complaint that did not aver ownership in the plaintiff was fatally defective (10 Abb. [N. S], 104). In Vandeburgh agt. Van Valkenburgh (8 Barb., 217), it was laid down that there must be a direct issuable averment of ownership in the plaintiff, and that allegations of the evidence of such ownership *274 would not take the place of such necessary averment. This case is distinctly in point on the facts averred as well as on the law. It is sufficient if there he an averment that the goods and chattels were the property of the plaintiff (see cases above cited), but the complaint in this case does not contain this averment. The cases cited by the plaintiff’s counsel (Everett agt. Saltus, 15 Wend., 474; and Morris agt. Davidson, 3 Hill, 168) are not in point. There is no averment that the property was taken from the plaintiff, or that he ■ever had its possession, nor that it had been placed at his absolute disposal as in the case óf a consignee. The decision of Vandeburgh agt. Van Valkenburgh, above cited, is entirely ■controlling of this case. The demurrer must be sustained.
Judgment for the defendant on the demurrer, with liberty to the plaintiff to amend the complaint on payment of costs ■of demurrer.