NANNIE MARTIN, Respondent, v. H. E. BLOCK ET AL., Appellants.

St. Louis Court of Appeals, January 4, 1887.

1. REPLEVIN—PETITION.—A petition which states that the plaintiff is entitled to the possession of certain described property and that the defendant wrongfully detains it, sufficiently states a cause of action.

2. EVIDENCE—PRACTICE.—Objections to clearly incompetent questions must be made before the answers thereto are given.

3. ——— Incompetent questions can not be stricken out on motion after responsive answers thereto have been given.

4. ——— The admission of incompetent cumulative testimony is not necessarily prejudicial error.

5. INSTRUCTIONS—IMMATERIAL ISSUE.—Instructions covering immaterial issues are properly refused.

6. PRACTICE—NEW TRIAL—PERJURED WITNESS.—The discretion of the trial court, in overruling a motion for a new trial, sought on the ground that a witness had committed perjury, will not be reviewed on appeal, unless it has been manifestly abused.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

L. D. SEWARD, for the appellants.

T. B. CHILDRESS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action of replevin in which the plaintiff recovered judgment in the trial court. The defendants appealing assign for errors:

1. That the petition fails to state a cause of action.

The petition is in the following words:

"Plaintiff states that she is the owner of and entitled to the possession of the following personal property; viz: Twelve barrels of sour mash whiskey, containing about four hundred and forty gallons, of the value of about one thousand dollars, which the defendant wrongfully detains from the plaintiff. She, therefore, asks judgment for the recovery of said property, and two hundred dollars damages for the detention thereof, and her costs of suit."

This petition is sufficient. The gist of this action is the defendant's wrongful detention of the property from the plaintiff, which is sufficiently stated. See *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 131.

2. That the court admitted illegal evidence against the defendants' objection.

This assignment rests upon the following facts:

Brunazzi, a witness called for the defendants, testified as to the sale of the property in question, and that he knew the general reputation of the plaintiff for truth and veracity, and that it was bad; and then, on cross-examination, the following questions were asked by the plaintiff's counsel:

Q. "Did you inquire after the character of Charles Martin?" A. "Yes, sir."

Q. "What did you find out about his character?" A. "Well, he is not very good."

Q. "He is not very good?" A. "No, sir."

The defendant moved the court to strike out this testimony on the ground that it was not the proper method of impeaching a witness, and the court refused to strike it out. We have recently held that where to a question put to a witness he gives an irresponsive answer containing incompetent testimony, it is the duty of the court to rule it out on timely objection being made. *Burns v. Railroad, ante*, p. 10. In the present instance the objection, if tenable at all, went to the question, and counsel, by not objecting to it must be deemed to have

waived the objection.   Moreover the character of the witness, Martin, had been sufficiently impeached *aliunde* and the error, if any,  related to  mere cumulative testimony, and would in no event be deemed sufficiently prejudicial to warrant a reversal of the judgment.

3.  That the defendants' demurrer to the evidence should have been sustained, because the plaintiff failed to prove a demand for the property prior to the institution of the suit.

This error is not well assigned, as no demand is necessary under the statute.  Rev. Stat., sect. 1018.  The failure of a demand not being set up in the answer, accompanied with a tender of the property, such failure could not affect even the question of costs.

4.   That the court committed error in excluding certain records tending to show that the defendant, Vette, was  security for the witness, Martin, on some appeal bonds.

As this testimony did not in any way tend to show any right of possession to the property in controversy in Vette, as against the plaintiff, and as his right of possession as against any other party was wholly immaterial, it is not conceivable on what theory this ruling is assigned as error.   The authorities cited by the appellants, in support of their position, have not the most remote application to the case.

5.   That the court refused to instruct the jury, upon the defendants' request, to the following effect, namely :

" If the jury believe, and find, from the evidence, that the plaintiff was never married to Charles Martin, and is not, and never was his wife, then she can not have a separate estate within the meaning of the law."

The court refused this instruction, but gave one of its own motion, the giving of which is also assigned for error, and which is as follows :

" If the jury believe, and find, from the evidence, that the plaintiff was never married to Charles Martin, and is not, and never was his wife, then she can not

have a separate estate within the meaning of the law; but if, prior to their coming to this state, the plaintiff and said Martin, being then single and unmarried, agreed to become husband and wife in good faith, and lived together as such in this state, and held each other out to the public as such, then they were husband and wife, and entitled to be regarded as such, although no formal solemnization of their marriage may have taken place in this state or elsewhere."

In order to understand how such instructions came to be asked or given, it is necessary to state, that the plaintiff claimed that she was the wife of Charles Martin, and had bought the property in controversy with funds which formed part of her separate estate, whereas the defendants who claimed under Martin asserted that the property was bought with Martin's funds, and further asserted that the plaintiff never was the wife of Martin at all. If the plaintiff never was the wife of Martin, as the defendants claimed, then it is evident that the instruction asked by them on that subject was wholly irrelevant, as the plaintiff did not pretend to claim through Martin. The instruction, given by the court of its own motion, was, it would seem, unnecessary, but as it was in favor of the defendants as far as it went, they are certainly in no position to complain that it was given.

6.  That the court instructed the jury erroneously on the question of damages.

The instruction of the court on that subject was not warranted by the testimony. No damages were shown by the evidence resulting to the plaintiff from the detention of the property, and the finding of the jury on that subject was purely conjectural. But as the record simply shows a judgment for the return of the property or its ascertained value, and no judgment for the damages caused by its detention, as found by the jury, we must assume that such damages were waived by the plaintiff, and that neither the instruction, nor the find-

ing of the jury prejudiced the defendants in any manner. To avoid all misunderstanding on the subject, however, we deem it proper to say that we affirm the judgment as it appears in the record before us, and not a judgment which might be entered on the finding of the jury, by subsequent proceedings, holding as we do, that the evidence does not warrant a judgment for substantial damages caused by the detention of the property.

7.    The last error assigned, namely, that the court erred in not granting a new trial, on the ground of perjury committed by the plaintiff, is likewise untenable. The affidavits of parties in Tennessee, procured by the plaintiff in support of the charge, are met by counter-affidavits supporting the plaintiff's testimony. There is a legitimate inference which may be drawn from all the affidavits, that the affiants on the defendants' behalf were laboring under a mistake as to the plaintiff's identity with another woman of a similar name.

That perjury was committed on the trial by some one can not be questioned, as the testimony of the plaintiff, and that of the defendants' main witness are in many material respects wholly irreconcilable. The judge, who saw and heard both these witnesses, was in a far better position to determine justly, whether, in the light of all the affidavits produced, the charge of the plaintiff's perjury, as a witness, was made out. He decided that it was not, and that decision under all the facts of this case, is necessarily final.

All the judges concurring, the judgment is affirmed.