WILLIAM H. RHOADES, Defendant in Error, v. W. A. McNULTY, Plaintiff in Error.

Kansas City Court of Appeals, January 2, 1893.

1. **Practice, Trial:** EVIDENCE: JURY QUESTION. Where there is evidence sufficient to support a verdict for or against any issue, such issue is properly submitted to the jury.

2. **Replevin:** PLAINTIFF'S OWN TITLE. A plaintiff in replevin should recover on the strength of his own right and not that of a third party.

3. ————: PARENT AND CHILD: GUARDIAN: THEORY OF PLEADING AND RECOVERY: INSTRUCTIONS. A father is the natural guardian of his minor son, and is entitled to the possession of the son's personal property which came to the son through him, and may sue for the same, in which case the pleading should show his claim to be that of guardian; and the theory of the complaint and trial cannot, by the instructions, be changed from his individual right to his representative capacity.

4. ————: CUSTODIA LEGIS: DELIVERY BOND: DISMISSAL. On the service of a replevin writ defendant gave a delivery bond for the return of the property on the return day of the writ; before that day the suit was dismissed. *Held*, the property did not remain in the custody of the law until the return day of the writ as it would, had plaintiff retained possession thereof.

5. ————: PRIOR PENDING ACTION: CERTIFICATE OF JUSTICE: BURDEN OF PROOF. Where it appears a prior action was begun between the same parties over the same property it devolves on the plaintiff·to show by a preponderance of the testimony that that action was discontinued before the one on trial was instituted; where two certificates' of the justice are conflicting as to the date of the dismissal of the former suit, the preponderance would not seem to be with the plaintiff.

*Error to the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

REVERSED AND REMANDED.

*Jackson & Montgomery*, for plaintiff in error.

(1) Plaintiff could only recover on the right he
had at the commencement of the action. *In re Ass'n*,
12 Mo. App. 40; *Weinwick v. Bender*, 33 Mo. 80;
*McDowell v. Morgan*, 33 Mo. 555. A plaintiff to
maintain replevin must have in himself the right of
property, general or special, coupled with the right of
immediate possession. *Andrews v. Costigan*, 30 Mo.
App. 29; *Updyke v. Wheeler*, 37 Mo. App. 680;
*Gartside v. Nixon*, 43 Mo. 138. (2) For the same
reason the court erred in refusing defendant's third
instruction, as asked. (3) There was also error in
refusing defendant's seventh instruction. It was
drawn upon the issue as made by the answer and
reply, and sustained by evidence in the case, and was a
correct declaration of the law upon that theory of the
case. (4) The property was in *custodia legis*, while
held by virtue of the delivery bond given in the suit in
St. Louis, and was not subject to another levy.
*Fleming v. Clark*, 22 Mo. App. 218; *Metzner v.
Graham*, 57 Mo. 404; *Bank v. Owen*, 79 Mo. 429; *State
ex rel. v. Colvin*, 80 Mo. 61. The plaintiff did not have
the right to dismiss his first replevin suit, and the
attempt to do so did not terminate it. *Collins v.
Hough*, 26 Mo. 149; *Berghoff v. Heckwolf*, 26 Mo. 511;
*Ranney v. Thomas*, 45 Mo. 111. The attempted dis-
missal by plaintiff did not affect the jurisdiction of the
court over the property. Cobbey on Replevin, sec.
1193. (5) The first suit being still pending and
undetermined at the time the second suit was com-

menced, the first was a bar to the second. The retaining the property under bond did not affect the title, nor the right to set up the pendency of the other suit. *Turner v. Reese*, 22 Kan. 319.

*Wilbur S. Jackson* and *Sangree & Lamm*, for defendant in error.

(1) Replevin being a purely possessory action, the right to possession is the gist of the matter, and the plaintiff, as the father and natural guardian of his minor son, had the right to the custody of the minor's property where it was derived from him, and could, therefore, maintain replevin for the mare even if she belonged to the son. Revised Statutes, sec. 5279; *McCarty v. Rountree*, 19 Mo. 345; *Sherwood v. Neal*, 41 Mo. App. 416; *Smith v. Williamson*, 1 H. & J. (Md.) 147; *Newman v. Bennett*, 23 Ill. 347; Wells on Replevin, sec. 643; Cobbey on Replevin, sec. 423; *Bliss v. Badger*, 36 Vt. 338. (3) The seventh instruction asked by defendant and refused was in substance his first instruction over again. When the court gave the latter he had no use for the former. It was, therefore, properly refused on that account. Besides it was not the law of the case. It ignored all questions of fraud and the wrongful getting of possession by McNulty. (3) Where A brings replevin against B, and B retains the property under a delivery bond and A dismisses his suit, it leaves the parties precisely *in statu quo*. The rule in such a case is different than where A had got and held the property by his first writ. Cobbey on Replevin, sec. 1197. Where the reason of the law ends the law itself ends. (4) The mare belonged to W. H. Rhoades. This was plaintiff's theory. He did not abandon it at the trial nor does he now. The second instruction of plaintiff is based on that theory.

If no general instruction was asked ·by plaintiff on that phase of the case, it was because defendant himself asked and was given full instructions thereon, and it was not necessary to incumber the record or confuse the jury with any more. (5) "Replevin suits are *sui generis*, and the inclination of the courts of this state has been to give them a flexibility sufficient to meet all exigencies and adjust all equities arising in such actions." *Hickman v. Dill*, 32 Mo. App. 509; *Gregory v. Tavener*, 38 Mo. App. 627. They have even announced the doctrine that mere lawful possession alone will support the action against anyone who does not show a better title. *Summers v. Austin*, 36 Mo. 307; *Weeks v. Etter*, 81 Mo. 375; *Smith v. Lydick*, 42 Mo. 209; 2 Greenleaf, sec. 637.

ELLISON, J.—This is an action of replevin for a mare, begun in Pettis county. Plaintiff recovered below and defendant appeals.

Defendant, after purchasing the mare in Pettis county (as he claims), shipped her to St. Louis where plaintiff replevied her before a justice of the peace on the ninth of October, 1889. In that case defendant retained possession of the animal by executing a forth-coming bond. Afterwards, before return day (the date being in dispute), plaintiff dismissed his action. Defendant having in the meantime returned to Pettis county with the mare, plaintiff instituted the present action. It is not improper, from the record, to say that defendant makes three principal claims against plaintiff's recovery: *First*, that he purchased the mare from plaintiff; *second*, that the testimony shows plaintiff has no right to recover, since the mare appears to be the property of his minor son; and, *third*, that the present suit was instituted in Pettis county before the dismissal of the suit in St. Louis, or, at least, before the prop-

Rhoades v. McNulty.

erty had ceased to be in the custody of the St. Louis court. There are other contentions advanced following from these and which we will notice herein.

In the first place we will say that there is testimony in the cause sufficient to submit the question to the jury as to whether there had been a sale of the mare by plaintiff, and there was also testimony sufficient to justify the giving of instruction number 2 on the part of plaintiff in relation to fraud in procuring possession of the mare from plaintiff in the first instance. The testimony is quite lengthy, and we have given it careful consideration; arriving at the conclusion that there is evidence from which the verdict of a jury could be sustained which found for or against a sale, or for or against the fraudulent acquisition of possession by defendant.

There is also evidence abundant to justify a jury in believing either that the mare was the property of plaintiff, or of his minor son. And in this state of the evidence the court gave an instruction authorizing the jury to find for the plaintiff notwithstanding they might believe the animal was owned by his son. This was an erroneous direction. A plaintiff in replevin should recover on the strength of his own right and not that of a third party. *Teichman v. Bank*, 27 Mo. App. 676, 683; *Updike v. Wheeler*, 37 Mo. App. 680; *Easter v. Fleming*, 78 Ind. 116; *Lane v. Sparks*, 75 Ind. 278; *Goodman v. Kennedy*, 10 Neb. 270; *Reinheimer v. Hemingway*, 35 Pa. St. 432; *Johnson v. Neal*, 6 Allen, 227; *Hamilton v. Bank*, 40 Iowa, 307.

But plaintiff contends that the instruction may be sustained since plaintiff is the father and natural guardian of the son referred to in the instruction, and as such was entitled to the possession of the property which became the son's through the father. It is quite

true that in such case the father is the natural guardian, and as such would be entitled to the possession of the personal property of his minor son which came to the son through him (Sherwood v. Neal, 41 Mo. App. 416) and would be entitled to sue for the same. But in such case the pleading or complaint should show the nature of the claim. If he sues as guardian it should be so stated. We think this is established by the following authorities: Higgins v. Railroad, 36 Mo. 418; Headlee v. Cloud, 51 Mo. 301; State to use of Tapley v. Matson, 38 Mo. 489; State to use, etc., v. Bartlett, 68 Mo. 581. The complaint here and the whole theory of plaintiff's case, before reaching the instructions, was that he was individually entitled to the property as distinguished from his right in a representative capacity. The instruction referred to should have been refused and number 3, offered by defendant, asserting a contrary proposition, should have been given as offered without amendment.

Instruction number 7, offered by defendant, should have been given. It is based upon testimony in the cause going to show that plaintiff authorized his minor son to make the sale of his, plaintiff's, mare to defendant's agent.

This brings us to the very important part of this cause relating to the dismissal of the case in St. Louis and instituting the present action. Defendant contends that notwithstanding that the plaintiff may have undertaken to dismiss his case in St. Louis before the commencement of the present action, and that such dismissal was noted on the justice's docket, that still, since the defendant gave a delivery bond conditioned for the return of the property at the return day of the writ, the property was in *custodia legis* until that time;

that the plaintiff could not, at his own volition, terminate the case as against the rights and interests of the defendant. This contention of defendant would be valid if the plaintiff had retained the possession of the property under his writ, but he did not; for, as stated, the defendant retained the possession by giving a delivery bond under the provisions of the statutes. The dismissal of the suit, then, left defendant· in possession and excused or made unnecessary a compliance with the condition of the bond to return the property. Such seems to be the law. Cobbey on Replevin, sec. 1197.

But there is a serious question in this connection as to the proof of the time when the action begun in St. Louis was dismissed. There were two certificates of the justice before whom the case was instituted, both apparently equally regular. One offered by plaintiff showed the case dismissed before the present action was begun, and the other offered by defendant *after* it was begun. Since it appeared that there was a prior action begun between the same parties over the same property, it devolved on plaintiff in order to sustain himself to show by a preponderance of the testimony that that action was discontinued before the present one was instituted. With two certificates before them equally regular, and neither impeached in any way, we are at a loss to know how the jury made choice, and it seems they should have found against the plaintiff on whom the *onus* was. But they did not, and since this is a matter which must necessarily be capable of definite ascertainment, we will not refuse to remand the cause. The judgment is, therefore, reversed and the cause remanded to be proceeded with as herein indicated. All concur.