BENEDICT & BURNHAM MANUFACTURING COMPANY, Respondent, v. JAMES C. JONES, Assignee, Appellant.

St. Louis Court of Appeals, January 2, 1895.

Replevin: ESSENTIAL ALLEGATIONS OF PETITION. The petition in an action of replevin must state that the plaintiff has a general or special property in the goods sued for; the mere allegation of his right to the possession of them, and of their wrongful caption and detention by defendant, will not suffice. A petition which fails to comply with this requirement will be fatally defective, even after verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Louis A. Steber* and *Frank X. McCabe* for appellant.

In an action for the recovery of specific personal property, the plaintiff must state in his petition the extent of his interest in the property, such allegation being a material one. Cobbey on Replevin, sec. 601; *Deyerle v. Hunt,* 50 Mo. App. 541, 546.

*W. B. Homer* for respondent.

The petition is in the usual form and is sufficient; it sets forth the cause of action and alleges all facts which the plaintiff had to prove in order to recover. It is certainly sufficient after verdict. Revised Statutes,

sec. 6170; Pattison, Forms, sec. 457; *Buckeholder v. Rudrow*, 19 Mo. App. 60; *Martin v. Bloch*, 24 Mo. App. 60; *Bosse v. Thomas*, 3 Mo. App. 472, 478; *Staley v. Wallace*, 21 Mo. App. 128; *Christy v. Scott*, 31 Mo. App. 331, 339; *Berry v. Kaufman*, 70 Mo. 186; *Keen v. Munger*, 52 Mo. App. 660; *Schaeffer v. Faldwesch*, 16 Mo. 337; Cobbey on Replevin, sec. 600.

ROMBAUER, P. J.—This is an action of replevin brought by the vendor of certain merchandise against the statutory assignee of the vendee. The cause was tried by the court without a jury, and the trial resulted in a judgment for the plaintiff for possession of the property and one cent damages for its detention. The errors assigned by the defendant on this appeal are that the petition fails to state a cause of action, and that, under the uncontroverted facts, the judgment is erroneous.

No demurrer was interposed to the amended petition on which this cause was tried, but at the trial the defendant objected to the introduction of any evidence on the ground, among others, that the petition failed to state any cause of action. This objection was overruled by the court, and the defendant excepted and still excepts. One of the objections made to the petition is that it fails to allege that the plaintiff had either general or special property in the goods taken, the defendant claiming that such an allegation is essential to maintain this action.

The only statement in the petition on that subject is that the plaintiff was lawfully entitled to the possession of certain goods, and that the defendant wrongfully took said property from the possession of the plaintiff, and still unjustly retains the same. The defendant in his answer, after denying these allegations, claims the property described and demands the return thereof. The case, therefore, is not one where the

petition is aided by answer, and the only question for decision can be whether it is one aided by verdict, assuming, as the defendant claims, that the allegation of some title to the property in plaintiff is an essential averment of the petition in this action.

The necessity of such an averment is conceded by standard text writers, and by decisions in other states, and is apparently conceded by *Melton v. McDonald*, 2 Mo. 45, where it was held that, in setting forth the cause of action, it must be shown that the goods were the plaintiff's, and that an omission to do so will be fatal, even after verdict. The syllabus of the case in *Martin v. Block*, 24 Mo. App. 60, which states the rule differently is inaccurate, as well appear from the context of the opinion in that case. Mr. Chitty, who is referred to with approval in *Melton v. McDonald, supra*, says: "It is hardly necessary to observe that if *no property or interest* in the subject-matter of the suit be stated in the declaration to have existed, or been vested in the plaintiff, at the time the wrong was committed, the objection will be fatal, even after verdict; the objection being the total *omission*, not the *defective statement* of a title." 1 Chitty Pl. 9 *394. Another careful writer says: "It is not sufficient to say that the goods were taken out of the plaintiff's possession" (Wells on Replevin, sec. 672); and the author is borne out in that statement by *Bond v. Mitchell*, 3 Barb. 304; *Vanderburgh v. Van Valkenburgh*, 8 Barb. 217; *Pattison v. Adams*, 7 Hill, 126; *Robinson v. Calloway*, 4 Ark. 94. The case of *Sturman v. Stone*, 31 Iowa, 115, also recognizes the rule. An extended examination into the authorities has satisfied us that the rule as stated by Chitty and Wells is not directly opposed by any decision anywhere.

It has always been the rule in this state that, where the defendant asserts title to the property in himself or

a third person, the plaintiff can not recover in this form of action upon a bare showing of possession in himself, which otherwise would be *prima facie* evidence of his ownership. *Gartside v. Nixon*, 43 Mo. 138; *Andrews v. Costican*, 30 Mo. App. 29, 33, and cases cited. It was also held, in *Bond v. Mitchell*, *supra*, that the plaintiff is not at liberty to state in his declaration the evidence of his title, in place of an averment of title. The code requires the statement of legal and not of evidential facts. *Bank v. Fisher*, 55 Mo. App. 51. It has also always been the rule in this state that, while matters informally pleaded are aided by verdict, the omission of essential averments can not be thus supplied, unless the petition contains terms sufficient to comprehend them by fair and reasonable intendment. *Staley Furnishing Company v. Wallace*, 21 Mo. App. 128, 130. A petition is fatally defective, where all the facts stated therein, if true, will not warrant a recovery. *State to use v. Bacon*, 24 Mo. App. 403. Every fact which the plaintiff must prove to maintain his suit is constitutive in the sense of the code, and must be alleged. *Pier v. Heinrichshoffen*, 52 Mo. 333; *Audrews v. Lynch*, 27 Mo. 169. The affidavit is no part of the petition. *Eads v. Stephens*, 63 Mo. 90; *Hamilton v. Clark*, 25 Mo. App. 428.

We have gone into the matter thus fully, because the case seems to have been fairly tried in other respects, and we were anxious to avoid a retrial, if we could do so without violating by our decision what we consider fundamental rules of pleading. No reason is apparent why the plaintiff did not amend its petition when its attention was called to the defect by objection to the reception of any evidence under it. As the plaintiff voluntarily elected to stand by a petition which is fatally defective, it must bear the consequences.

Judgment reversed and cause remanded. All concur.