J. B.. RANDOL, Respondent, v. J. W. BUCHANAN, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1. **Justices' Courts**: REPLEVIN: ALLEGATION OF OWNERSHIP IN STATEMENT OF CAUSE OF ACTION. The statement of the cause of action in a proceeding of replevin, instituted before a justice of the peace, need not allege ownership in the plaintiff, but complies with the statute and is, therefore, sufficient, if it alleges that the plaintiff is lawfully entitled to the possession of the property sued for.

2. **Chattel Mortgages**: SALE OF CHATTELS BY MORTGAGOR WITH ORAL ASSENT OF MORTGAGEE. The sale of mortgaged chattels by the mortgagor with the oral consent of the mortgagee will pass title as against the latter, notwithstanding that the statute makes it a misdemeanor for the mortgagor to sell such chattels without the written consent of the mortgagee.

3. ——: DESCRIPTION OF PROPERTY. The chattel mortgage in question in this case described the mortgaged property as "one line-back steer about seven years old; one speckled steer, blind, about seven years old, known as the Grammer cattle." It did not, however, attempt to locate the cattle. *Held*, that the mortgagee could not establish a right to cattle under the mortgage as against an innocent purchaser, when he had not shown that they answered this description and were known as "the Grammer cattle."

*Appeal from the Stoddard Circuit Court.*—Hon. H. H.
BEDFORD, Special Judge.

REVERSED AND REMANDED.

*Gillespie & Mozley* for appellant.

When the mortgagee gives verbal permission
to the mortgagor to sell the property described in his
mortgage, he thereby releases his lien. *Coffman v.
Walton*, 50 Mo. App. 404; *Gage v. Whittier*, 17 N. H.
312; *Pratt v. Maynard*, 116 Mass. 388; 2 Cobby on
Chattel Mortgages, secs. 637, 686; Jones on Chattel
Mortgages, sec. 456; *Carter v. Fately*, 67 Ind. 427.

*J. L. Fort* for respondent.

BIGGS, J.—The plaintiff sued the defendant in
replevin for the possession of a yoke of oxen. The
case originated before a justice of the peace, where the
defendant had judgment. The plaintiff appealed to
the circuit court, where, on a trial *de novo* before the
court, a jury having been waived, the finding and
judgment were in his favor. The defendant in turn
has appealed to this court, and complains that the
statement is fatally defective; that the plaintiff's
instructions are erroneous, and inconsistent with those
given by the court at the instance of the defendant;
that the instructions asked by the defendant and
refused by the court should have been given; and that
the judgment is unsupported by the evidence.

The statement fails to allege *ownership*, but it does
allege that the plaintiff was lawfully entitled to the
possession of the property. This is all the statute
requires, when the action is instituted before a justice
of the peace. Revised Statutes, 1889, section 6169.

Randol v. Buchanan.

The plaintiff claimed the cattle under a chattel mortgage. The defendant asserted ownership by mesne transfers of the animals from plaintiff's mortgagor. The defendant's evidence tended to prove that by the oral consent of the plaintiff, and after condition broken, the mortgagor traded the cattle to a third party for some corn, and that the defendant, without the knowledge of plaintiff's claim, purchased them from the third party. On this branch of the case the court, at the instance of the plaintiff, instructed the jury, in substance, that the title to the cattle did not pass by the attempted sale of them by the mortgagor, unless the sale was made with the *written* consent of the plaintiff, whereas by the third instruction given for the defendant the jurors were told that a sale by the mortgagor with the *oral* consent of the mortgagee would pass the title. The instructions flatly contradict each other.

The plaintiff's instruction is supposed to be authorized by section 3570 of the Revised Statutes of 1889, which makes it a misdemeanor for a mortgagor to sell the mortgaged property without the written consent of the mortgagee. This is a misconception of the purpose and scope of the statute. It does not declare such a sale void or prohibit it, but it merely provides that in such a case the mortgagor may be punished. The intention of the legislature was to protect the mortgagee against the fraudulent acts of the mortgagor in removing and selling the property at distant points, and also to protect innocent third parties who might, under such circumstances, be inclined to purchase it. *Lafayette Bank v. Metcalf*, 29 Mo. App. 384. If the mortgagor sells the chattels before condition broken, the title passes subject to the mortgage, even though he had no authority, either oral or written, to sell. *State to use v. Carroll*, 24 Mo. App. 358. In doing so,

however, he would render himself liable to prosecution. But, after condition broken, the title to the property vests in the mortgagee, and the mortgagor's right to redeem becomes a bare equity. He remains in possession as mortgagor, but has no power to affect the title, except by authority of the owner. But we can conceive of no valid reason why he—like any other agent in possession of personal property—may not sell it with the oral consent of the mortgagee and thereby pass the title, although his *written* consent would seem necessary to prevent a prosecution.

The last assignment must likewise be sustained. In the mortgage under which plaintiff claims, the oxen are described as "one line-back steer about seven years old; one speckled steer, blind, about seven years old, known as the Grammer cattle." The instrument does not attempt to locate them; nor did the plaintiff undertake to show *aliunde* that the cattle in controversy answered the description in the mortgage, and were known as "the Grammer cattle." In this way only could the description have been made good as against the defendant, who claims to be an innocent purchaser for value.

It follows that the judgment of the circuit court must be reversed, and the cause remanded. All the judges concur.