Dillard v. McClure.

JOSIAH G. DILLARD, Respondent, v. EMMETT P. McCLURE *et al.*, Appellants.

Kansas City Court of Appeals, January 20, 1896.

1. **Pleading:** REPLEVIN: AIDER BY ANSWER. A petition in a replevin suit failing to state any interest of the plaintiff in the property but merely alleging a right to possession, is defective, but in this case is aided by the answer which sets out the plaintiff's interest.

2. **Replevin:** VERDICT: POSSESSION OF PROPERTY. A verdict for damages only against the defendant is sufficient where he has disposed of the property so that it can not be returned to the plaintiff.

3. **Trial Practice:** REMARKS OF COUNSEL. Argument to a jury should be based upon the facts and record but no ironclad rule can practically prescribe the range of the argument, and in this case the alleged misconduct of counsel is not *held* sufficient to disturb the judgment.

4. **Replevin:** MEASURE OF DAMAGES: SPECIAL INTEREST. Where a plaintiff has a special interest, an instruction telling the jury to find the value of the property not exceeding such interest, is *held* correct.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Sangree & Lamm* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action. It contented itself with merely alleging that they were "entitled to the possession" thereof. That such defect is fatal is held by *Mfg. Co. v. Jones*, 60 Mo. App. 219, and cases and authorities cited. (2) The verdict and judgment are not responsive to the pleadings and issues. The jury do not find that plaintiffs were entitled to the possession, nor do they find the value of the property or the value of the possession. Possession being the gist of the

action, a simple money verdict, such as in this case, is erroneous. *Gulath v. Waldstein*, 7 Mo. 66 (70); *Alley v. Gamelick*, 55 Mo. 518, top of p. 520; *State ex rel. v. Dunn*, 60 Mo. 64 (pp. 70 and 71); *Fulkerson v. Dimkins*, 28 Mo. App. 160 (162); *Robbins v. Foster*, 20 Mo. App. 519; R. S. 1889, sec. 7492; *Drennon v. Dalincourt*, 56 Mo. App. 128 (131); *Peters v. Lowenstein*, 44 Mo. App. 406 (410). (3) The verdict is against the evidence and has no substantial evidence to support it, and is palpably the product of mistake, bias, and passion, and, hence, the trial court erred in not sustaining the motion for a new trial. R. S. 1889, sec. 2240; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 349 (360, 361); *Pollock v. Hannauer*, 26 Mo. App. 260 (264); *Bank v. Moonman*, 38 Mo. App. 484; *Henderson v. Railroad*, 36 Mo. App. 109; *Borgraffe v. Knights of Honor*, 22 Mo. App. 127; *Frieze v. Fallon*, 24 Mo. App. 439; *Empey v. Cable Co.*, 45 Mo. App. 422; *Davis v. Railroad*, 46 Mo. App. 180; *Duggan v. Railroad*, 46 Mo. App. 266; *Adler v. Wagner*, 47 Mo. App. 25; *Walton v. Railroad*, 49 Mo. App. 620; *Reisert v. Williams*, 51 Mo. App. 13; *Penter v. Roberts*, 51 Mo. App. 222; *Lovel v. Davis*, 52 Mo. App. 342; *Spohn v. Railroad*, 87 Mo. 74 (84); *Holt v. Morton*, 53 Mo. App. 187; *Lionberger v. Puhlman*, 16 Mo. App. 392; *Stephenson v. Richards*, 45 Mo. App. 544. (4) The inflammatory and unfair remarks of counsel for respondents tended to hurry the jury to a verdict against both law and right and come within the rule laid down in many cases and especially in *Prewett v. Eddy*, 115 Mo. 283 (pp. 306 and 307); *Evans v. Town of Trenton*, 112 Mo. 390 (399, 400, 401, 402, and 403); *Churchman v. Kansas City*, 49 Mo. App. 366; *Ritter v. Bank*, 87 Mo. 574; *Wilborn v. Railroad*, 48 Mo. App. 224; *Marble v. Walterz*, 19 Mo. App. 134; *Smith v. Union Telegraph Co.*, 55 Mo. App. 626; *Gibson v. Zeibig*, 24 Mo. App. 65; *Koch v. Hebel*, 32 Mo. App. 103; *Brown v. Swine-*

*forth*, 44 Wis. 282 (290, 291, 292, 293, 294, and 295); *Norton v. Railroad*, 40 Mo. App. 642. (5) The plaintiff's fourth instruction does not lay down the right rule for the measure of damages, in a case where plaintiffs rely on a chattel mortgage and a sale has been made. *Bank v. Hartstock*, 56 Mo. App. 291.

*Charles E. Yeater* for respondent.

(1) While the petition is defective in that it failed to set out the nature of plaintiff's interest in the property sued for, this defect is cured completely by the express aider of the answer, and by the allegations of the reply. *Donaldson v. County of Butler*, 98 Mo. 163; *Garth v. Caldwell*, 72 Mo. 629; *Beckman v. Ins. Co.*, 49 Mo. App. 607. (2) This was an action where plaintiff had merely a lien on the property, and defendant's answer expressly stated that they had voluntarily put it out of their power to return the property by selling the same. (3) There is evidence to support the verdict. *Vojta v. Pelican*, 15 Mo. App. 475; *Lovell v. Davis*, 52 Mo. App. 350; *Mabary v. McClurg*, 74 Mo. 591, and cases cited; *Baldwin v. Whitcomb*, 71 Mo. 658; *Leeper v. Bates*, 85 Mo. 228; *Bent v. Lewis*, 88 Mo. 471; *Wilson v. Railroad*, 108 Mo. 605. (4) The first remarks of defendant's counsel were corrected by the court and the attorney reprimanded. The remarks of defendant's other attorney are unimportant and of small moment, and contain their own correction, and taken together, such remarks are a correct statement of the subject-matter to which they refer. *Huckshold v. Railroad*, 90 Mo. 559; *Smith v. City of Butler*, 48 Mo. App. 666; *State v. Lee*, 66 Mo. 168. (5) The plaintiff's fourth instruction lays down the correct rule prescribed by the decisions of all the appellate courts of this state, and the case of the *Bank v. Hartsock*, 56 Mo. App. 291, has no application whatever to the facts at bar.

ELLISON, J.—This is an action in replevin, in which plaintiff obtained judgment for $1,225.73.

Defendant contends that the petition is fatally defective in not alleging that plaintiff had any interest in the property by ownership, or otherwise, but merely alleging that plaintiff was entitled to the possession thereof. The petition, under the authority of *Benedict v. Jones*, 60 Mo. App. 219, is subject to the objection taken by defendant, but it is relieved of the objection by the answer filed, wherein the nature of plaintiff's right is asserted. *Donaldson v. County of Butler*, 98 Mo. 163; *Beckman v. Ins. Co.*, 49 Mo. App. 604.

The verdict of the jury was in the following language: "We, the jury, find for plaintiff in the sum of twelve hundred and twenty-five and 73-100 dollars ($1,225.73)." We think this was a sufficient finding under the evidence in the cause. It was shown that defendant had the possession of the property and sold it, so that at the time of trial it was not in their possession and it was impossible that the possession could be restored to plaintiff. It was, practically, as impossible for it to have been restored to plaintiff as if it had been out of existence. In case where the defendant has the property in possession and fails in his defense there should be a finding of the value and of damages, for in such case the prevailing party has the right of election to take the property or its value. But in a case where the defendant has not the possession, there can not be any necessity, or utility, in finding the value. The whole case is resolved into one of damages. The statute itself reads: "Sec. 7412. If the defendant has not the property in possession, the court or jury shall assess the damages, and the judgment shall be against the defendant and his sureties, for the damages so assessed and costs of suit; and in all cases the prop-

erty shall be presumed to be with the party who should have it, until the contrary be shown.''

It may be suggested that the statute contemplates a case where the property has been delivered to the plaintiff, at the institution of the suit, but there is no reason for restricting its language to such a case. Here the property was not delivered to the plaintiff and it had been sold by defendants before the trial, so that plaintiff's whole case consisted in his damages. Suppose an article of property of the value of $100, is replevied, but possession retained by defendant, and it is damaged between his taking and detaining, and the time of trial, in the sum of $95. In such case, the plaintiff would recover, as the value of the property at the time of trial, the sum of $5, and as damages to the property, the sum of $95. Such a recovery compensates his loss and meets the character of his loss. But suppose the defendant had entirely destroyed the property. There would then be nothing in existence to set a value upon, as such, and his whole recovery would be damages. And such, practically, was this case.

Defendants complain of remarks of plaintiff's counsel while addressing the jury, both in the opening and closing argument. The remarks objected to, which were made by counsel in the opening argument, if of sufficient importance to be noticed at all, were corrected by the court. Those made by counsel in the closing argument were not noticed by the trial court, perhaps for two reasons—one, that they were not of such a character as to be at all likely to affect the jury, to the prejudice of the defendants; the other, that counsel himself, in great measure, withdrew what he had said. It is quite true that an argument to the jury should be based upon the facts of the case, together with the record. But it will readily occur to anyone, that an ironclad rule, prescribing what an at-

torney shall or shall not say, by way of argument or illustration, would be altogether impracticable. Appellate courts must necessarily defer largely to the discretion of the trial court in a matter of that nature. Of course, cases may, and do, occur, where counsel may be led into manifest impropriety in their zeal for their clients, and in such cases, where not corrected, the appellate tribunal must interfere. *Huckshold v. Railroad*, 90 Mo. 548.

We find no substantial objection to plaintiff's instruction on the measure of damages. The property was shown to be of much greater value than the amount of plaintiff's mortgage. The property had been disposed of by defendant McClure. The instruction directed the jury to find for plaintiff the value of the property, but not exceeding in amount the plaintiff's claim. The effect of the instruction was that if the finding was for plaintiff, it should be in a sum equal to his claim on the property. It has now become familiar to the courts and bar, that replevin is an action so flexible in its nature and results, that it may be used as a remedy to satisfy the very wrong which has been done to the property, on which the aggrieved party had a lien, and to the possession of which he was entitled. *Hickman v. Dill*, 32 Mo. App. 509; *Dilworth v. McKelvy*, 30 Mo. 149. Each of these cases give ample support to what we have said. Indeed, what we now apply to this case is but giving effect to what was determined in those cases.

Counsel for defendants complain at length that the verdict is not supported by the evidence. An examination of this objection to the result below has satisfied us that it is not well founded. It would serve no useful purpose to go into a detailed analysis of the matters shown at the trial. It is sufficient to say, that under the fundamental rules governing jury trials and

the right which belongs exclusively to the jury to pass on the weight of the evidence and to draw reasonable inferences therefrom, we would be wholly unauthorized to interfere in this case.

Other suggestions in opposition to the judgment have been urged, but we do not deem any of them sufficient to properly secure a reversal of the judgment and it is accordingly affirmed.    All concur.