MARY A. HARMON, Respondent, v. OSH IDEN, Appellant.

**Kansas City Court of Appeals, April 1, 1901.**

1. **Justice's Courts: REPLEVIN: STATEMENT: PLEADING.** A statement in replevin before a justice of the peace is sufficient, if it allege that the plaintiff is lawfully entitled to the possession of the property; but in the circuit court he should allege a general or special property in the chattels replevied.

2. **Appellate Practice: RECORD ENTRY: FILING BILL OF EXCEPTIONS: ABSTRACT.** The abstract must show an entry of record ordering a bill of exceptions filed, and that it was, in fact, filed, or the appellate court can take no notice of the bill.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Hewitt & Blair* for appellant.

In order that the plaintiff be entitled to recover, she had a general or special property in the chattels taken, and the right of immediate and exclusive possession. Turner v. Langdon,

85 Mo. 1. c. 441; Scott v. Riley, 49 Mo. App. 251; Rosentreter v. Brady, 63 Mo. App. 398; Deyerle v. Hunt, 50 Mo. App. 541; Dillard v. McClure, 64 Mo. App. 488; Talbott v. Magee, 59 Mo. App. 347; Pier v. Heinrichoffen, 52 Mo. 333, and cases cited; Andrews v. Lynch, 27 Mo. 169; Mfg. Co. v. Jones, 60 Mo. App. 219, and cases cited; Dillard v. McClure, 64 Mo. App. 488.

*Thos. E. Turney, James E. Goodrich* for respondent.

(1) The bill of exceptions can not be considered by this court. (2) The statement does state a cause of action. The suit was instituted before a justice of the peace, and is purely a statutory action. Foundry Co. v. Schloss, 43 Mo. App. 304, 308; Randal v. Buchanan, 61 Mo. App. 445, 446; R. S. 1889, secs. 6169, 6170; R. S. 1899, secs. 3901, 3902. (3) The judgment is responsive to the issues made by the pleadings. Upham and Gordon v. Allen, 76 Mo. App. 206, 211, 212.

SMITH, P. J.—This is an action of replevin brought before a justice of the peace. In the circuit court, where it was removed by appeal, the plaintiff had judgment and the defendant appealed. The plaintiff's statement was to the effect that "she is lawfully entitled to the possession of the following described personal property," etc. It conforms exactly to the requirements of the statute—Revised Statutes 1899, section 3901—and is, therefore, sufficient. Randal v. Buchanan, 61 Mo. App. 445. Had the action been brought in the circuit court instead of before a justice of the peace, the statement would no doubt have been insufficient in not alleging that the plaintiff had a general or special property in the chattels in dispute. R. S. 1899, sec. 4463; Mfg. Co. v. Jones, 60 Mo. App. 219; Dillard v. McClure, 64 Mo. App. 488; Rosentreter v. Brady, 63 Mo. App. 398.

The abstract does not disclose any record entry ordering the bill of exceptions to be filed, nor does it show that the bill was ever filed.   Such bill was, therefore, no part of the record, and the matters of exception therein attempted to be preserved can not be noticed by us.   Shoenberg v. Heyer (decided by us at the present term), and cases there cited.

No error appearing upon the face of the record proper, it results that the judgment must be affirmed.   All concur.