HERMAN C. G. LUYTIES, Appellant, v. JAMES HARDY, Respondent.

St. Louis Court of Appeals, April 28, 1903.

Appeal: MOTION FOR NEW TRIAL: RULING OF TRIAL COURT THEREON: JUDICIAL DISCRETION. The ruling of the trial court on a motion for a new trial constitutes an exercise of judicial discretion, which will not be reversed on appeal, unless the action taken was manifestly arbitrary.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED AND REMANDED.

*John H. Boogher* for appellant.

(1) The action of the circuit court in granting a new trial is subject to review by the appellate courts. Hill v. Wilkins, 4 Mo. 86. Said Justice Wash (1835): "It may now be considered settled law in this court that the discretionary power of the circuit court, in granting and refusing new trials, is subject to review by this court, and that its judgments therein will be reversed whenever it may be seen by this court that such discretionary power has not been soundly exercised." In this case the circuit court was directed to set aside the award of a new trial and to enter up a judgment in the cause according to the verdict of the jury. (2) A new trial should not be granted except for error that is prejudicial to the substantial rights of the complaining party upon the merits of the case. Ittner v. Hughes, 133 Mo. 689. Said Judge Barclay: "To warrant a new trial, the error must have occasioned an improper or unjust result. It must have been prejudicial to the substantial rights of the complaining party upon the merits of the cause." R. S. 1899, secs. 800, 865, 659.

*John S. Leahy* for respondent.

(1)   The evidence tends to show that the boy, in whose charge the horse was at the time of the runaway, was as competent and capable of handling the animal as any man accustomed to handling horses, and the inference is irresistible that, no matter who might have had charge of the horse on the occasion in question, the runaway could not have been prevented, and the verdict of the jury was, therefore, against the evidence and the weight of the evidence, and on that ground the court would have been justified in setting it aside.   The action of the trial court in granting a new trial will be sustained by the appellate court if it can be done upon any of the grounds set out in the motion for that purpose, even though the grounds upon which it was granted had been entered of record, and notwithstanding the court may have given a wrong reason for sustaining the motion.   Hewett v. Steele, 118 Mo. 463.

GOODE, J.—We are asked by the appellant to reverse the ruling of the circuit court in sustaining respondent's motion for a new trial, on the ground that the damages awarded the appellant by the jury were excessive.

The action is one to recover the value of a horse, owned by the appellant and boarded at the respondent's livery stable and the value of two laprobes and coachmen's coats.   The basis of the action as to the horse is, that he was killed in a runaway caused by the negligence of a boy driver in whose charge he was put by respondent Hardy, contrary to the order of Luyties, the appellant; and on this cause of action, including the value of the horse, there was evidence pro and con.

The laprobes and coats are alleged to have been placed in the respondent's custody and to have been demanded by the appellant afterwards but not returned.

Respondent interposed a counterclaim for the board

and care of the horse, which appears to have been withdrawn during the trial, though the appellant concedes its correctness.

The evidence showed, without conflict, that the value of the robes and coats was $70, and that the respondent is liable for their loss is confessed; but his liability for the death of the horse and the animal's value are contested.

It is the duty of the trial court to pass on the weight of evidence and the reasonableness of verdicts, in considering a motion for new trial. Its ruling on the motion is the exercise of a judicial discretion which will not be changed on appeal, unless the action taken was manifestly arbitrary. Chouquette v. Railroad, 152 Mo. 257; McCullough v. Ins. Co., 113 Mo. 606; Rickroad v. Martin, 43 Mo. App. 597; Martin v. Block, 24 Mo. App. 60.

To warrant a reversal of this cause we must be thoroughly convinced that the lower court abused its power, and the circumstances render it impossible for us to entertain that conviction. The learned circuit judge, after hearing the witnesses, may have believed the respondent was not to blame for the death of the horse and that the verdict was erroneous in awarding damages on that demand, or that the damages allowed on it were above the horse's value. It is plain that we have no right to interfere in this matter; so the order of the court granting a new trial is affirmed and the cause remanded. _Bland, P. J._, and _Reyburn, J._, concur.