JUNIUS S. DONNELL, Respondent, v. JOHN F. MILLER, Appellant.

Kansas City Court of Appeals, November 16, 1908.

REPLEVIN: Petition: Ownership. A petition in replevin is fatally defective that does not show some specie of ownership in the replevined property, and a mere averment that the plaintiff is lawfully entitled to the possession is not sufficient.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED.

*H. B. Williams* for appellant.

Read plaintiff's petition as you may, you are unable to find any statement therein that the plaintiff had any interest in the property sued for, by ownership or otherwise, and this is an indispensable allegation in actions of replevin. Dillard v. McClure, 64 Mo. App. 491; Benedict and Burnham Mfg. Co. v. Jones, 60 Mo. App. 220; Harmon v. Iden, 88 Mo. App. 315; McCabe v. Black River Transf. Co., 110 S. W. 606; Scott v. Soda Water Co., 110 S. W. 602.

*J. W. Stokes,* for respondent, filed no brief.

ELLISON, J.—This is an action of replevin begun in the circuit court, in which the plaintiff recovered judgment in the trial court.

The petition does not allege ownership, either general or special, in the plaintiff, and for that reason is fatally defective. It does allege that plaintiff was "lawfully entitled to the possession of," etc., but that, it seems, has been held not to be sufficient. [Benedict v. Jones, 60 Mo. App. 219.] That case has since been cited in Dillard v. McClure, 64 Mo. App. 488, and Harmon v. Iden, 88 Mo. App. 314. We must therefore hold

that defendant's objections, on that account, should have been sustained. The petition should have been amended.

The judgment is reversed and the cause remanded. All concur.