## JUNIUS S. DONNELL, Respondent, v. JOHN F. MILLER, Appellant.

**Kansas City Court of Appeals, December 5, 1910.**

1. **REPLEVIN: Chattel Mortgage.** A person named as mortgagee in a chattel mortgage, having no personal interest in the notes secured thereby, but holding them as trustee for his bank, may maintain an action, after condition is broken, in replevin in his own name for the mortgaged goods.

2. ————: ————. The taking of notes by the cashier of a bank in his own name in renewal of a former indebtedness of the bank, and securing the payment by a mortgage, is no violation of the spirit or the letter of section 1294, R. S. 1909 (sec. 1112, R. S. 1909), as he does not thereby endorse, sell, pledge or hypothecate any of the notes of the bank.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*H. B. Williams* for appellant.

*J. W. Stokes* for respondent.

BROADDUS, P. J.—This is an action of replevin commenced in the circuit court of Holt county, where it was tried and judgment had for plaintiff, which on appeal was reversed and remanded. The case is reported in the 133 Mo. App. 693, and was reversed because the petition did not aver some specific ownership of the property replevined. The plaintiff amended his petition by an allegation that he was the owner of the property in controversy. The venue of the cause was changed to Andrew county where plaintiff again recovered and defendant again appealed.

The suit is to recover the possession of certain property under a mortgage executed by the defendant to the plaintiff to secure the payment of three notes executed by defendant and also made payable to plaintiff. The notes being due and unpaid, plaintiff replevined the property, under the authority contained in the instrument.

It was shown that at the time the notes were executed the defendant Miller was indebted to said bank, for which it held his notes; that the notes incontroversy were taken in lieu of said notes payable to the bank; that the plaintiff at the time was the cashier of the bank and had continued as such up to the time of the trial; and that the taking of said notes in lieu of the former indebtedness of defendant to the bank was not authorized by its board of directors.

After the notes were executed to plaintiff, he assigned them to the bank, and the bank by authority of its board of directors assigned them back to plaintiff. Plaintiff testified that he had no personal interest in the notes, but was holding them expressly in trust for his bank.

The defense is that plaintiff represented to defendant that the notes were to be given in renewal of other notes owned by the bank, thereby inducing him to unlawfully make and execute them payable to plaintiff

and that by reason thereof the chattel mortgage is null and void.

It is insisted first, that plaintiff was not entitled to recover for the reason that as trustee of the bank he had only a special interest in the property. The rule in such cases is stated to be that: "A party who never has had the actual possession of personal property, and who is not the general owner cannot maintain replevin, against a party in actual possession. The general rule, both in trover and replevin, is, that a person having only a special property, or interest of a temporary or limited nature, must have had the possession." [Holliday v. Lewis, 15 Mo. 404; 2 Greenleaf Ev., sec. 640.] There is a distinction between a special property interest of a temporary or limited nature and special ownership by virtue of a chattel mortgage upon which default is made. [Cobbey on Replevin (2 Ed.), sec. 544.] And a trustee may maintain replevin for the trust property, but the beneficiaries cannot. [Cobbey on Replevin, sec. 137.] And it is said: "That one claiming an interest in a chattel may bring replevin, therefore comes within the general rule concerning general owners." [Shinn on Replevin.] We believe there can be no doubt but what plaintiff as trustee for the bank, having the mortgage, after condition is broken is the only party who could maintain the action. And this is not in conflict with what is said in Rhoades v. McNulty, 52 Mo. App. 301.

It is contended in the second place that plaintiff is not entitled to recover for the reason that the taking of the notes in controversy in lieu of the former indebtedness of defendant to bank, in the name of the plaintiff without the consent of the bank was obnoxious to section 1294, Revised Statutes 1899, and therefore they are null and void. The section relating to banks reads in part as follows: That, "The cashier or other employee shall have no power to indorse, sell,

pledge or hypothecate any notes, or other obligations, received by said corporation for money loaned, until such power and authority shall have been given such cashier or employee by the board of directors, in a regular meeting of the board, a written record of such proceeding shall first have been made." Without such authority any such transactions are declared by the statute to be null and void.

We do not understand that the taking of the note in question was a violation of either the letter or the spirit of the statute. He neither indorsed, sold, pledged or hypothecated any of the notes of the bank. On the contrary the transaction was but the renewal of the former indebtedness of the bank and securing the payment of the same by the mortgage in question. The fact that he procured the defendant to make the notes payable to himself for the benefit of the bank was a mere matter of form resorted to for the sake of convenience; such a practice is often resorted to by the banks.

Many questions are raised by the appellant, but as we view the case it is not necessary that they should be discussed. Under the pleadings and evidence the court would have been justified in instructing the jury to return a verdict for the plaintiff. Affirmed. All concur.