BUCHANAN COUNTY, Appellant, *v.* E. B. KIRTLEY *et al.*, Respondents.

1. *Bridges — Covenants to repair — Actions.*— Where a party entered into a bond obligating himself to build a certain bridge, and guaranteeing that the same should stand and remain for four years, and subsequently within that period said bridge got so out of repair as to be unsafe, his sureties became liable to an action for breach of covenants contained in said bond, even though the builder and his sureties on the bond had no written notice stating the repairs necessary to be made and requiring the same to be done. Sections 16 and 17, p. 326, R. C. 1855 (Gen. Stat. 1865, §§ 17, 18, p. 299) afford a cumulative remedy, wholly independent and distinct from an action on the bond. The bond contained an express covenant, and no written notice was required to the undertakers or their securities to hold them responsible on their obligation. Their stipulations bound them to fulfill their engagements, and any breach that accrued they were required to take notice of.
2. *Pleadings — Allegations.*— An allegation of notice in plaintiff's petition was immaterial, and should have been treated as surplusage.

*Appeal from Buchanan Circuit Court.*

*Ensworth & Hill,* for appellant.

I. The allegation in the petition of notice having been given to the defendants of the bridge's failing is surplusage. No

Buchanan Co. v. Kirtley et al.

notice was necessary to defendants. (10 Mo. 667–8; Statutes 1840, p. 107, §§ 13, 14; R. C. 1855, pp. 326–7, §§ 16, 17; Gen. Stat. 1865, §§ 16, 17.)

*Woodson, Vories & Vories*, for respondents.

I. The first question presented by the record is whether the court erred in striking from the deposition of P. K. O'Donnell the words, ''I notified the defendants of the condition of the bridge before the repairs were made.'' The petition is based upon the sixteenth and seventeenth sections of an act '' to provide for building bridges.'' (R. C. 1855, vol. 1, pp. 326–7.) The court did not err in striking out that part of said deposition. (Gathwright v. Callaway County *et al.*, 10 Mo. 663–8.)

II. The suit is not founded upon the bond, but upon the statutory provisions giving a remedy for failing to repair in accordance with said sixteenth and seventeenth sections aforesaid. The petition avers notice by the commissioner of the county; a failure to repair after such reasonable notice; the repairing of said bridge by said plaintiff; the cost of same; praying for judgment for the amount so expended for said repairs. The county abandoned her remedy on the bond, and sued for money expended in repairing said bridge, and, as such action was given by the statute, plaintiff is compelled to show that she has pursued its terms in order to maintain her action.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought in the Circuit Court by the plaintiff against the defendants, upon a bond executed by one Hugh Irwin in his lifetime, obligating himself to build a bridge in the county of Buchanan, according to certain plans and specifications, and providing that the said bridge should stand and remain for four years. The defendants were sureties on the bond. By contract the bridge was to be completed on or before the 10th day of June, 1858. The breach assigned is, that soon after the said bridge was completed the same began to give way, and was, by the spring of 1860, so far gone that the same was entirely unfit and unsafe—of all which the defendants had due and legal and

timely notice through the commissioner of plaintiff duly appointed. The petition then states that, after waiting a reasonable length of time, plaintiff proceeded to make the necessary repairs, and that defendants were liable for the same under their bond.

The answer contains a denial of every material averment set forth in the petition, except the execution of the bond, which is admitted. Upon the trial the plaintiff offered to read in evidence the deposition of O'Donnell, who acted as road commissioner for the county in letting out the contract for the construction of the bridge. The following portion of the deposition was objected to— "I notified the defendants of the condition of the bridge before the repairs were made"— because the law requires a written notice to be given to the defendant specifying what repairs were required to be made, and that the deposition did not disclose that such written notice was given. The objection was sustained and that part of the deposition ruled out. Plaintiff's counsel then stated that he had no evidence to offer as to any written notice being given to defendants, or any notice specifying what repairs were to be made on the bridge, before plaintiff made the repairs charged in the petition.

Plaintiff then offered to prove by witnesses the condition of the bridge and the necessity of repairing the same, but the court suggested that, if plaintiff had no evidence of a written notice, further testimony would be useless, as the whole case would turn upon the question of a written notice under the statute; whereupon, plaintiff having no other evidence of a notice in writing, took a non-suit, and afterward moved to set the same aside, which motion being overruled, the cause is brought here by appeal.

If this proceeding had been instituted on the sections of the statute to recover the amount expended in the necessary repairs of the bridge, there is no doubt that a strict compliance with the statutory requirements in regard to giving written notice would have been indispensable as a condition precedent to the plaintiff's right of recovery.

By R. C. 1855, p. 326, § 16, it is provided that if any bridge requires repairing, which by contract is to be kept in repair, the commissioner of such bridge, or other person appointed by the

County Court, shall give notice in writing to any one or more of the undertakers, or to his or their securities, stating the repairs necessary to be made, and requiring the same to be done within a reasonable time, to be set forth in such notice.  By section 17, if the repairs shall not be made within such time, the commissioner shall employ some other person forthwith to make the same, allowing therefor a reasonable price, and may immediately collect the amount paid, with costs, before any court of competent jurisdiction.

The statute here gives a remedy, by a proceeding instituted by the commissioner, and prescribes the forms and requisite steps necessary to be taken in such cases.  But this is a cumulative remedy, wholly independent and distinct from an action on the bond.  The bond covenanted that the bridge should stand and remain for four years ; and if it did not do so, a breach took place, and a right of action accrued to the obligee.  It was an express covenant, and no notice was required to the undertakers or their securities to hold them responsible on their obligation. Their stipulations bound them to fulfill their engagements, and any breach that accrued they were required to take notice of. (Gathwright v. Callaway county, 10 Mo. 663.)

The allegation of notice in the petition was immaterial, and should have been treated as surplusage, as the action was exclusively predicated upon the bond of the defendants.

Reversed and remanded.   Judge Fagg concurs.