MADISON MILLS, et al., v. WM. H. RALSTON, et al.

1. DECREE; *Foreclosure; Interest of Defendant.* The terms of a decree show not merely the property, but also the amount of the defendant's interest therein, which is ordered to be sold.

2. ———— *Sale; What Interest is Sold.* The sale follows the decree, and the sheriff offers whatever the decree orders.

3. ———— *Confirmation of Sale; Effect of.* A sale in chancery is not complete till it is confirmed, but when confirmed it passes to the purchaser all the interest the defendant possessed and the decree ordered sold.

4. TITLE ACQUIRED AT JUDICIAL SALE; *Error; Decree.* When a court of general jurisdiction has jurisdiction of the person and subject-matter, an erroneous ruling, even upon a question of law, will not avoid a title obtained under its decree.

5. ———— In the foreclosure of a mortgage the decree was entered as prayed for, barring redemption; a sale was made in pursuance of that decree; on the hearing of a motion to confirm and for a deed, the defendant consented to the confirmation, but objected to the order for a deed, without moving to modify or correct the decree. *Held,* no error to confirm the sale and order a deed.

6. JUDGMENT—ORDER—DECREE. The law, and not the consent of a party, determines the force and effect of a judgment, order, or decree.

*Error from Leavenworth District Court.*

THE action below was brought by *Ralston* and another, administrators, etc., against *Madison Mills, Lucinda* his wife, and ten others, as defendants. The action was based upon a promissory note given by said *Madison Mills,* bearing date November 1st 1864, for the sum of $12,000, payable one

year after date to the order of William H. Ralston and Lucinda McCracken, administrators of the estate of Nelson McCracken, deceased. A mortgage was given by Madison Mills and wife to secure the payment of note. The other defendants were made parties to the action by reason of adverse interests acquired subsequent to the execution of the note and mortgage. Other facts are stated in the opinion. The case was tried at the May Term 1871 of the district court. A decree was entered for the sale of the mortgaged premises, etc. The concluding paragraph of the decree is as follows:

"And it is now by the court here further considered, ordered, and decreed, that the several defendants herein, and every person claiming by, from, or under them, or any or either of them, be and they are hereby forever barred and foreclosed of and from all and any right and equity of redemption, and other right whatever, of, in, or to said tracts of lands, or any or either of them, or any part or portion thereof, from and after such sale thereof."

A sale of the mortgaged premises having been made, the court confirmed the sale and ordered that a deed be made to the purchaser. *Mills* and wife, the mortgagors, claiming that they were entitled to the right of redemption given by § 3, ch. 171, Comp. Laws 1862, excepted to so much of the order as directed the sheriff to make a deed to the purchaser, and now bring the case here for review.

*Byron Sherry,* and *Stillings & Fenlon,* for plaintiffs in error:

1. Ch. 171, Comp. Laws, 769, gives to parties where land was sold on execution the right to redeem at any time within two years, also gives to the debtor the right of possession during that period of time. In 1868, Gen. Stat., p. 893, a supplemental act was passed providing that the provisions of the redemption act should "not apply to any suit or action prosecuted in any court, when the plaintiff is executor or administrator of any deceased person," etc. This law not only discriminates in favor of mechanics and estates of deceased persons, but is intended to have a retroactive effect.

The law in force, when the contract was made in this case, gave to plaintiffs in error the right to redeem at any time within two years, and the right of possession. This law entered into and became a part of the contract, and any subsequent act seeking to divest plaintiffs in error of this right must necessarily tend to impair the obligation of the contract, and is unconstitutional and void. 1 How., 312; 2 How., 608; Cooley Const. Lim., 290.

2. Plaintiffs in error are not concluded by the decree. The construction claimed for the decree by defendants in error is, that when the sheriff struck off the property the sale was made. If this be the correct construction, then the decree was erroneous, as it was not in the power of the legislature to take away the two-years redemption after this contract was made, and the judgment should be for that reason reversed as to the foreclosure. But we submit that the sale was not made till the confirmation, and that the mortgage being copied in and made part of the record, and found to have been made at the time the law gave the redemption, and no specific decree as to the means of the sale, it was the duty of the officer making the sale to give a certificate of sale under the order of the court, and not a deed. The whole record must be taken together and such a reasonable construction given to it as will give it the effect which the law required it should have when made. A sale is not made till the deed is delivered which passes the title. 1 Bouv., 369, § 923.

*Clough & Wheat,* for defendants in error:

It was proper for Ralston and McCracken, adm'rs, etc., to sue on the note in their individual, rather than in their representative capacity: 32 Miss., 319; 3 Jones' Law, (N. C.,) 355; 19 Mo., 193; 10 N. Y., 447; 15 Texas, 44; 14 Ga., 124, 537; 5 Vt., 433; 10 Foster, 318; 30 Ala., 482. Still, as the note showed *prima facie* that it was held by the payees in their representative capacity, as administrators, there was not any redemption from the sale. Gen. Stat., 893, ch. 85. As the mortgagors had a long time after the law last cited

took effect to redeem or pay off the debt, said ch. 85 is not void. 1 Hill, 325; 15 Cal., 515; 31 Ind., 11; 13 Wis., 346 ; 9 B. Monroe, 499; 3 Kas., 123. The district court properly rendered the judgment that the sale be made without redemption therefrom, and properly ordered the sheriff to execute a deed to the purchaser.

Under the above cited ch. 85, we submit it was competent for the district court to hear evidence and determine whether the claim was or was not due the plaintiffs in the district court in their fiduciary capacity or not, or in other words, whether the said plaintiffs were administrators of the estate of Nelson McCracken, deceased, and whether the note was given for and as assets of said estate, and if they were found to be such administrators, and to have held the note in such representative capacity, then it was proper for the district court to order the deed executed; and if such, or any evidence, would sustain the order, of course this court should presume it was given. (See 10 Ind., 289.)

We do not suppose it will be claimed that there was any error, except as to the single matter of the claimed statutory right of redemption; and as that matter does not affect the sale further than as to whether the sale was absolute or conditional, and as all parties, including Ryan, the purchaser, had the record to look at, and as he bid with full notice of the legal rights he would obtain by purchasing, it follows that if, as matter of law, the sale is subject to a statutory right of redemption, Ryan is still the purchaser subject to such right.

The opinion of the court was delivered by

BREWER, J.: The following are the material facts in this case. In November 1864, Madison Mills and wife executed a mortgage to William H. Ralston, administrator, and Lucinda McCracken, administratrix, of the estate of Nelson McCracken, deceased. A portion of the money secured thereby remaining unpaid. On the 14th of March 1871 a suit was commenced in the district court of Leavenworth county to foreclose this mortgage. Personal service was had on both Mills and his

wife. They filed no answer, and on the 19th of May 1871 a decree was entered. The petition prayed for a decree barring and foreclosing all the defendants of and from any right and equity of redemption, and other right whatever, from and after the sale, and so the decree was entered. Three special executions were successively issued upon such decree, and upon the third, one tract of land was sold to Mathew Ryan. This sale took place on the 6th of April 1872, nearly a year after the decree. Ryan paid one hundred dollars down. On the 12th of April 1872 the plaintiffs Ralston and Mrs. Mc-Cracken filed their motion to confirm the sale. On the 13th Ryan filed the following motion:

[TITLE.] "And now comes Mathew Ryan, the bidder at the sheriff's sale made in pursuance of the decree in the above entitled cause, and moves the court that the sale made by the sheriff of Leavenworth county, in the said cause, be confirmed by the court, and said sheriff be ordered and required upon the immediate payment of the amount of his said bid, which is now here tendered in court, to make, execute, acknowledge, and deliver to said Mathew Ryan, a deed for the premises so sold to him, in pursuance of said decree.        G. & F., Atty's for MATHEW RYAN."

On the call of this motion the plaintiffs, and Madison Mills, the principal defendant, who now for the first time appeared in court, objected to the hearing unless the moneys still unpaid on the bid were first paid to the sheriff. This was immediately done. The record then reads: "And thereupon the plaintiffs and said defendant Madison Mills object only to so much of said motion as asks that a deed for the land sold herein be made, executed and delivered to said Mathew Ryan by said sheriff." The district court sustained the motion, confirmed the sale, and ordered a deed. No motion was made to correct the decree, which, so far as the record shows, still remains as originally entered. Did the district court err in ordering a deed? This is the single question presented for our consideration. At the date of the execution of the mortgage the law authorized a redemption at any time within two years from the date of sale. (Comp.

Laws 1862, p. 769, ch. 171.) In 1868, Gen. Stat., p. 893, ch. 85, § 1, a law was passed providing that the redemption act should "not apply to any suit or action prosecuted in any court, when the plaintiff is the executor or administrator of the estate of any deceased person," and authorizing a sale and deed without any redemption. It is claimed that this law applies to the present case, that it is constitutional, and that therefore the decree was properly entered barring redemption. There may be some question as to its applicability, for though the plaintiffs describe themselves in the caption and body of the petition as administrator and administratrix, there is no distinct allegation that they are such, or that they sue in their representative capacity. Still we should probably have little trouble with this question. There is graver doubt as to the constitutionality of this law when applied to notes and mortgages entered into before its passage. On the one hand it is claimed that the law in existence at the time of a contract enters into and forms a part of the contract, and that a substantial change of such law would operate as a modification of the old and the making of a new contract, which neither legislatures nor courts can do. On the other, it is said that this is a unilateral contract, the payee and mortgagee having performed his part, and the only obligation being that of the payor and the mortgagor, that he will pay so much money at such a time, or in default forfeit the mortgaged property; that the matter of redemption is purely of the remedy; and that any legislation concerning the remedy, which does not lessen the ability of the creditor to enforce payment, is within the power of the legislature and does not conflict with art. 1, § 10, clause 1, of the federal constitution which forbids any state to pass a law "impairing the obligation of contracts." Much might be said upon both sides of this question, and it is one of no little interest and importance. It is unnecessary for us however to enter into any examination of it, as upon another ground it seems to us the ruling of the district court should be affirmed. The decree barred redemption. The sale was made under that decree. An examina-

tion of the petition would have shown the defendants what was claimed; of the decree, what was ordered. Three special executions were issued. Nearly a year elapsed before the sale. The defendants might reasonably be presumed to know the terms óf ·the decree. The record shows affirmatively that they did know prior to the confirmation. Yet no motion was made to change or correct it. It remains as it was entered. The purchaser at a sheriff's sale looks to the decree for the measure of interest and title he will acquire by his purchase. He knows he can get no more interest than the defendant possesses and the decree' orders sold. But he bids, rightfully expecting to obtain all that. It is that interest which the sheriff offers; it is that he bids for; it is that which is struck down to him; and it is that which, if the sale be confirmed, he should then receive. That Ryan's title would, as against Mills, have been perfect, if the sale had been confirmed and deed made, seems hardly to admit of question. When a court of ₀general jurisdiction has jurisdiction of the person and subject-matter, an erroneous ruling, even upon a question of law, will not avoid a title obtained under its decree. In *Wheaton v. Sexton's Lessee*, 4 Wheaton, 506, the court says: "The purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal." In *Voorhees v. The Bank of the U. S.*, 10 Peters, 469, the same tribunal uses this language: "The purchaser is not bound to look beyond the decree when executed by a conveyance, if the facts necessary to give jurisdiction appear upon the face of the proceedings, nor to look further back than the order of the court." See also *Thompson v. Tolaire*, 2 Peters, 168. But the deed was not made when Mills appeared in court, and the objection here is to the order for a deed. A sale in chancery is not complete till the sale is confirmed. In ordinary sales by auction, or by private agreement, the contract is complete when the agreement is signed; but a different rule prevails in sales before a master. In such cases "the purchaser is not considered as entitled to the benefit of his con-

tract till the master's report of the purchaser's bidding is
absolutely confirmed." 2 Dan. Ch., 1271.  See also *Kaufman
v. Walker*, 9 Md., 229; *Tooley v. Kane*, 1 Smedes & M.
Ch., 518.  Hence the authorities cited fail of exact applica-
tion to this case, or perhaps more correctly some facts are
wanting, which are necessary to make the rule therein stated
fully applicable and decisive.  Yet the omission is more than
supplied by the acts of Mills, one of plaintiffs in error.  He
appeared on the motion to confirm the sale, and objected to
any hearing until the purchase-price had been paid to the
sheriff, and when that was done consented to the confirmation
of the sale.  True, he objected to the order for a deed.  But
consider the effect of his consent to a confirmation.  The
proceedings on the sale were regular; the plaintiffs, defend-
ants, and purchaser agreed in seeking a confirmation.  The
confirmation then followed as a matter of course.  The decree
barred redemption.  The sale followed the decree.  *All* the
interest of the mortgagors, (not an interest subject to the right
to possess and redeem for two years,) was offered by the
sheriff, and was bid for by the purchaser.  The confirmation
closed that sale.  The sale as made, was the sale confirmed,
and that by consent.  The legal effect of that confirmation
was to give the party a right to a deed, and the defendant
could not, by objecting to a deed, deprive the purchaser of a
right which flows from the confirmation.  It is said that this
carries the consent of the defendant to a point beyond that to
which he intended it should go, and that the limit he intended
is clearly indicated by his objecting to a deed.  It is plain he
wished only the confirmation of a sale of an interest subject
to possession and redemption; but the trouble is, no such sale
was made.  It may be, that by consent of plaintiffs, defendant,
and purchaser the decree might have been modified, and
the sale confirmed as of an estate subject to redemption.  But
nothing of the kind was done.  Plaintiffs and purchaser, were
seeking a confirmation of the sale made, and might not have
cared for a confirmation of a different one.  This is not in the
nature of a contract in which unless the minds of the parties

agree there is no contract. The order and decree of a court is not simply the record of an agreement. It establishes rights founded upon past transactions. The law, and not the will of the parties, determines its effect. For instance: A. brings suit against B. B. enters his appearance, and consents to judgment, but objects to the judgment being a lien on his realty in the county. The judgment is entered, A. making no consent. The *lien* would follow. The law attaches it to the judgment. Just so here. The confirmation of a sale under a decree barring redemption entitles the purchaser to a deed. Neither plaintiffs nor purchaser made any consent. They asked affirmative relief, relief they were entitled to under a decree. They asked confirmation of a sale. The defendant consented to it. It was ordered. Then followed the right to a deed, a right resting upon decree, sale, and confirmation. The judgment of the district court must be affirmed.

All the Justices concurring.