———o———

ELISHA HEADLEE, PUBLIC ADMR., Appellants, vs. SAMUEL P. CLOUD AND M. H. RITCHY, Respondent.

1. *Administrator, suit by—Petition, caption, etc.*—In suit brought by a public administrator, the body of the petition should show his authority to bring the action. Matters set forth in the caption, will not obviate defects in that regard. The caption is simply a *descriptio personæ*, and forms no part of the statement required in the petition.

2. *Administrator, public—May take charge of partnership assets, when—May be removed, how.*—A public administrator may be ordered to take charge of the assets of a partnership, where one member is deceased, in order to prevent their being injured, wasted, purloined or lost, (W. S., 122, § 8,) provided that there is no existing administrator having charge of the partnership effects. And he cannot be divested of the estate in a collateral proceeding, but only on application to the Probate Court.

*Appeal from Newton Circuit Court.*

*James F. Hardin,* for Appellant.

*McAfee & Phelps,* for Respondent.

Plaintiff as administrator, sued Cloud & Ritchy on a note and certain account, due to the firm of Caynor & Co. Other facts appear in the opinion of the court.

ADAMS, Judge, delivered the opinion of the court.

This case comes up on a demurrer to the petition. In the caption of the petition, the plaintiff describes himself "as public administrator," having charge of the partnership estate of John H. Caynor & Co., but it nowhere appears in the petition, by any allegation, that he was public administrator of

Greene County. The caption is simply a *descriptio personœ* and not a substantive allegation. The petition by proper averments ought to show the authority of the plaintiff, to bring such a suit. (State to use of Tapley's Admr. vs. Matson, 38 Mo., 489.)

The demurrer also raises the objection that a public administrator, cannot be ordered to take charge of partnership assets of a deceased partner.

It is urged that only the surviving partners or the administrator on the individual estate of his deceased partner, can be, allowed to administer on the partnership effects.

Our statute concerning public administrators, (see 1 W. S., 122, § 8,) provides that it shall be the duty of the public administrator to take into his charge, etc., estates of deceased persons in his county, when from any good cause, the Probate Court shall so order, to prevent their being injured, wasted purloined or lost.

The estate of deceased partners or their interest in partnership effects, form no exception to this rule.

If the contingency referred to exists, the Probate Court may make the order; but the court could make no such order if there was an existing administrator, having charge of the partnership effects.

It does not appear on the face of this petition, that there was any such existing administration on the partnership, and therefore this ground of demurrer was not properly taken.

A public administrator after letters testamentary or of administration are granted, must, under the orders of the court, account for, pay and deliver to such rightful executor or administrator, all money property, &c., of every kind, in his possession. (1 W. S., 122, § 11.) When a public administrator takes possession under the order of the court of an estate, he cannot be divested of it in a collateral proceeding, but only on application to the Probate Court, under the section above referred to.

As the demurrer was properly sustained on the first point the Judgment is affirmed. The other Judges concur.