68  581
52a 306
68  581
74a 432

THE STATE *to use of* EDWARDS, *Appellant,* v. BARTLETT.

1.   **Pleading**: PETITION: REQUISITES OF CAPTION.   The want of a proper statement in the caption of the capacity in which plaintiff sues is not fatal, where it is set out in the body of the petition.

2.   **Bond**: ASSIGNMENT OF BREACH.   In a suit upon a bond of an administrator, the averment in the petition "in that, said G. T. B., did not, and has not turned over to plaintiff, E., the said sum of $1,486.41, as by the condition of his said bond, and the order of said probate court, as aforesaid, he was in duty bound to do, though often requested so to do," sufficiently assigns a breach thereof.

3.   ———: SETTLEMENT NEED NOT BE FILED.   In a suit on the bond of an administrator, the settlement made by him need not be filed with the petition.

*Appeal from Butler Circuit Court.*

Suit on administrator's bond—the caption of the petition being as follows: " The State of Missouri to use of

Richard O. Edwards, plaintiff, v. George T. Bartlett, Green L. Poplin, Benj. F. Turner, defendants."

*Lewis Brown* for appellant.

Norton, J.—This is a suit upon the bond of Bartlett, as administrator of Shelton H. Shrout, deceased; the caption in the petition is as above. After reciting the appointment of Bartlett and the bond, it avers that on December 10th, 1874, Bartlett made a final settlement of said estate, wherein it was shown that he held assets of said estate in the sum of $1,486. 41. His appointment was revoked and Edwards appointed. This is stated in the petition, as follows: Plaintiff further states that he, plaintiff herein, was, on the 23rd day of June, 1875, duly appointed as administrator of said estate, and thereafter did duly qualify as such administrator, and as such administrator brings this suit.

It was alleged that the bond was forfeited, "in that Geo. T. Bartlett did not, and has not, turned over to plaintiff, Edwards, the said sum of $1,486.41, as by the condition of his said bond, and the order of said probate court, as aforesaid, he was in duty bound to do, though often requested so to do."

A demurrer to the petition was interposed, alleging the following grounds: 1. There is an improper party plaintiff, to-wit: Richard O. Edwards does not show any interest in the subject matter of this litigation. 2. Because Richard O. Edwards does not aver that he is the administrator *de bonis non* of said Shrout, deceased. 3. Because actionable breaches of said Bartlett's bond are not assigned. 4. Because plaintiff does not file with his petition the settlement, nor a copy of the same, nor account for the absence of the same, that he avers was made by said Bartlett. The demurrer was sustained and judgment entered for defendant, from which the plaintiff prosecutes his appeal.

The chief ground relied upon is, that Richard O. Edwards is not styled in the caption of the petition as the administrator of the estate of S. H. Shrout. These words are mere *descriptio personae*, and had they been added to the name of Edwards, would have given him no standing in court, unless the fact of his appointment and qualification as administrator had been averred in the petition. In such case the averments in the petition would determine the right of the party to prosecute the suit; and as it is expressly averred that plaintiff was duly appointed administrator, and thereafter did qualify, and as such administrator prosecutes the suit, the omission of the words as administrator of the estate of Shrout is not fatal on demurrer, as the omission is fully supplied and cured by the allegations of the petition. *Higgins v. Hannibal & St. Jo. R. R. Co.*, 36 Mo. 431; *State ex rel. v. Matson*, 38 Mo. 491; *State ex rel. v. Patton*, 42 Mo. 534; *Headlee v. Cloud*, 51 Mo. 301.

The breach of the bond, as copied above, was sufficiently assigned; and the settlement of the former administrator alluded to in the petition, being a mere instrument of evidence to be used in support of the alleged breach of the bond sued upon, it was not necessary to file it with the petition as a part thereof.

The demurrer should have been overruled, and for the error of the court in sustaining it the judgment will be reversed and cause remanded, with the concurrence of the other judges.

REVERSED.