## O. J. FLEMING V. ANDREW GILLESPIE.

### (Filed July 30, 1898.)

1. GARNISHMENT—*Summons—Service.*   A garnishment summons served on one in his individual capacity does not bind any property or money held by him as a receiver.

2. SAME—*Liability of Surety on Bond—Damages.*   The only damages for which a surety on a bond in garnishment is liable are such damages as directly and necessarily arise from the wrongful seizure of the property. They cannot be remote and speculative.

3. SAME—*Rule Applied.*   Renfrow *et al.* sued one Gillespie, and garnished Young. On the trial it appeared that Young had previously held certain moneys, as receiver, which belonged to Gillespie, but that Gillespie had, prior to the commencement of the suit, assigned and transferred the same to one Purmort   *Held,* that one Fleming, who had signed the undertaking in garnishment, as surety for Renfrow *et al.,* was not liable to Gillespie for any damages, because he had no interest in the fund, and could have suffered no loss.

4. SUIT ON BOND—*Res Ajudicata.*   One who does not appeal from a judgment rendered against him in which garnishment proceedings are sustained cannot maintain suit on the bond in garnishment for damages alleged to have been sustained by reason of the wrongful issuance and service of the garnishee summons, for the reason that such judgment, if not appealed from, is conclusive and final; and a petition in a suit on a bond in garnishment which shows that the plaintiff had no interest in the property or money sought to be garnished does not state facts sufficient to constitute a cause of action, is not good as against a demurrer on that grounds.
    (**Syllabus** by the Court.)

*Error from the Probate Court of Garfield County; before William M. Anderson, Probate Judge.*

*Harper S. Cunningham,* and *W. S. Denton,* for plaintiff in error.

*Moore, Jones & Moore,* for defendant in error.

Action by Andrew Gillespie against O. J. Fleming.

From a judgment for plaintiff, defendant brings error. Reversed.

Opinion of the court by

BURWELL, J.: This is an action on a bond in garnishment, brought by Andrew Gillespie against O. J. Fleming, in the probate court of Garfield county. The defendant filed a demurrer to the plaintiff's petition on two grounds: (1) For the reason that there was a defect of parties defendant; and (2) that the petition did not state facts sufficient to constitute a cause of action. On the hearing of the demurrer, the court overruled the same, to which ruling the defendant excepted; whereupon the defendant answered, and a trial was had, which resulted in a judgment for the plaintiff in the sum of $100.17, and costs, amounting to $27.50. Thereupon the defendant filed his motion for a new trial, which was overruled, and the defendant excepted.

The petition alleges, in substance: That on April 18, 1895, William C. Renfrow, Thomas Lowe, and E. D. Cameron, the duly qualified and acting board for leasing school lands in the Territory of Oklahoma, commenced an action in the probate court of Garfield county against Andrew Gillespie, the plaintiff herein. That said plaintiff filed a bond, which, omitting the caption, is as follows:

"Whereas, the plaintiff in the above-entitled action has filed an affidavit in garnishment proceedings in the above entitled action charging John M. Young as garnishee: Now, therefore, we, —— and O. J. Fleming, are held and firmly bound to the defendant in the above-entitled action in the sum of two hundred dollars, that said plaintiff shall pay to said defendant all damages which said defendant may sustain by reason of such garnishment, if the order be wrongfully obtained.

[Signed]                                    O. J. FLEMING."

That said Fleming, by said bond, obligated himself to the plaintiff in this suit in the sum of $200 to pay to plaintiff all damages which he might sustain by reason of such garnishment if the order be wrongfully obtained. That, by virtue of the affidavit and the bond in garnishment, a writ or order was issued out of the probate court of Garfield county, and was served upon said John M. Young. That said John M. Young was at the time the duly appointed, qualified, and acting receiver in the case of Mound Coffin company against E. Mueller, defendant, in an action pending in the district court of Garfield county, Territory of Oklahoma, and, as such receiver, held the sum of $275, which had on April 16, 1895, been ordered by said district court to be paid by said receiver to the plaintiff in this case. That on April 17, 1895, the plaintiff, for value received, sold and assigned said money in the hands of the receiver to one William N. Purmort, and entered into an agreement and understanding that he (the plaintiff) would indemnify and hold him, the said Purmort, harmless for any loss or damage that might result to Purmort by reason of any delay in the payment of said fund, and for any costs or expenses necessarily made in procuring such payment. That the plaintiff, Gillespie, was on April 18, 1895, the day on which the order of garnishment was served, entitled to have the money in the hands of the receiver, Young, paid to William N. Purmort, without delay or costs, to plaintiff or to Purmort; and that such money would have been paid had it not been for the issuance and service of the order of garnishment above described. That, by reason of the order of garnishment, the receiver, Young, refused to pay said money to the plaintiff, Gillespie, or to Purmort. That, in order to get such money, Purmort was

compelled to litigate his right thereto with the plaintiff
in error in this suit in the probate court of Garfield
county.    That said case was tried in said probate court,
and, upon appeal to the district court, the said Purmort,
who had interpleaded in the case of Renfrow *et al.* against
Gillespie, recovered the same.    That the garnishment pro-
ceeding commenced in the probate court was, on the hear-
ing in the district court, dissolved and discharged, and
that said judgment became final, prior to the bringing
of this suit.    That thereupon, to wit, on March 13, 1897,
the money held by the receiver, Young, was paid to
William N. Purmort, as the result of said proceedings.
That, by reason of the garnishment proceedings, William
N. Purmort was wrongfully deprived of the use of said
money from the 18th day of April, 1895, until the 13th
day of March, 1897, to his damage in the sum of $36.65,
and was further damaged by being necessarily compelled
to pay out and expend $50 for attorney's fees, and $1.41
as court costs in procuring the payment of said money.
That on March 16, 1897, the said William N. Purmort
commenced an action against the plaintiff in this suit,
before M. Roach, a justice of the peace within and for
Enid township, Garfield county, for damages sustained
by him in the matter of the delay and the costs in pro-
curing the payment of the funds assigned by the plain-
tiff, Gillespie, to him, and alleging that said justice of
the peace had jurisdiction of the matter in controversy.
That on March 19, 1897, William N. Purmort recovered
a judgment against the plaintiff in said justice's court in
the sum of $93.05 and costs, aggregating $100.17.    That
such judgment had become final prior to the bringing of
the suit herein, and was based upon damages which grew
wholly out of the garnishment proceedings above de-
—28

scribed.  That had it not been for the wrongful bringing of such garnishment proceedings, and the wrongful obtaining of the order or writ of garnishment, the damages would not, and could not, have accrued.  That the said Purmort caused an execution to issue on said judgment, whereupon plaintiff paid and satisfied the same.  That, by reason of the loss and damage by the plaintiff as above detailed, the conditions of the bond in garnishment had become forfeited, and that the plaintiff, by reason thereof, had been damaged in the sum of $100.17.  That plaintiff had made demand of defendant for the payment of his damages so sustained, but that the defendant neglected and refused to pay the same, or any part thereof; and prayed for judgment for the sum of $100.17, and for costs of suit.

The first question that we will consider is as to whether the demurrer to the plaintiff's petition was properly overruled.  Briefs have been filed by plaintiff and defendant, in which each fully advises the court as to the law applicable to this case, but, unfortunately for the court, they have failed to cite a single authority in support of their respective positions.  This we regret very much, because, after spending considerable time in searching for authority bearing upon the issues as presented by counsel, we have found none, and therefore conclude that the case was tried under a misapprehension of the real legal questions at issue, and are forced to adopt a different line of reasoning.  The liability of the plaintiff in error to Gillespie, if any exists, has accrued by reason of the forfeiture of the garnishment bond signed by the plaintiff in error as surety for Renfrow *et al.* in the suit in the probate court of Garfield county in which Gillespie was sued for money due the Territory for the lease of school land.

It is contended by defendant in error that certain money was garnished in the hands of John M. Young, receiver, in the case of Mound Coffin company against E. Mueller, which money was due from the receiver in that case to the defendant in error, and for the payment of which the court had issued an order; but the defendant in error, instead of collecting such money himself, executed an assignment and transfer thereof to one William N. Purmort, and entered into an agreement with Purmort whereby he (Gillespie) was to pay to Purmort all damages that might be sustained by any delay in the payment of the same, and also agreed to pay all necessary expenses in the collection of such fund. After this order had been made by the court, and the transfer had been executed by the defendant in error, and after defendant in error and Purmort had entered into the contract, as stated above, the plaintiff in the case of Renfrow *et al.* against Gillespie caused a garnishee summons to issue to John M. Young, in his individual capacity. After the summons in garnishment was served upon John M. Young, he refused to obey the order of the district court, directing him to pay the money held by him as receiver to William N. Purmort, assignee of Gillespie. William N. Purmort then filed an interplea in the case of Renfrow *et al.* against Gillespie, in which he set up the assignment of the fund to him, held by the receiver. After this interplea was filed in the probate court, all of the parties to that suit agreed that Young should pay the money held by him as receiver into that court, and that it should there await the final termination of that litigation. Under this agreement, Young paid the $275 held by him, as receiver, into the probate court. On the trial in that court, Renfrow *et al.* recovered a judgment against the original defendant,

Gillespie, and also for the fund deposited by the receiver, Young. William N. Purmort then appealed to the district court, and, on the trial there, recovered the $275 deposited in the court below. He then brought suit against Gillespie, under his contract with him for damages, and recovered judgment for $93.05 and costs, amounting in all to $100.17. Gillespie paid this judgment, and now brings suit against the defendant in this case on the garnishment bond, to recover back the above amount. As suggested, the bond in garnishment given by defendant was a writ in garnishment against John M. Young, not as receiver, but against him in his individual capacity.

This being true, how can an order of garnishment, served upon Young, bind money or property held by him as receiver? All of the parties to the suit seem to have proceeded upon the theory that it did bind the money held by him in that capacity, but the court has failed to find authority supporting such view.

We think the correct rule is that, unless it affirmatively appears from the pleadings that one has been sued in his official capacity, it will be presumed that he was sued as an individual. Young having been garnished as an individual, he was not bound to answer as to any money in his possession as a receiver, because the money or property held by him as receiver was in the possession of the district court, and, no inferior court could in any way secure the control of such fund. Young had no right whatever to pay the money held by him as receiver into the probate court, and it is truly a mystery to us why counsel for William N. Purmort consented that the garnishee pay such money into that court. The fund, in the first place, did not belong to Gillespie at the time the receiver was garnished, but belonged to William N. Pur-

mort; and he should have insisted that the receiver obey the order made by the district court, directing the payment of the fund to him as assignee, to Gillespie. But he did not do that. Had he only known what his legal rights were, he could have compelled the receiver to pay him his money with scarecly any expense. Instead of doing this, he agreed that the money should be deposited in the probate court, and that they would there try their respective rights to the fund. This was truly a shrewd move on the part of the attorney general, who represented Renfrow *et al.*, but is was an expensive concession on the part of William N. Purmort. The receiver, after he had been garnished, was cited to appear before the district court, to show cause, if any he had, why he should not be punished for contempt for not paying to William N. Purmort the money assigned to him by Gillespie. This proceeding, however, was voluntarily dismissed. William N. Purmort had no one but himself to blame for not getting his money without expensive litigation; and even if the contract entered into between Gillespie and William N. Purmort would bind Fleming, which it could not, the expense made by William N. Purmort was an unnecssary expense, which he voluntarily made, without any occasion therefor, and which even Gillespie could never have been compelled to pay. If William N. Purmort had not paid any attention to the litigation in the probate court, his money would have been perfectly safe, because the probate court could not interfere with a fund in the district court. It is very apparent from the record in this case that William N. Purmort was wholly ignorant of his legal rights in the premises. Every step taken by the probate court regarding the fund held by the receiver was ab-

solutely void as against the orders and judgments of the district court.

We will now consider the rights of Gillespie to bring the present suit. In the action in the probate court Renfrow *et al.* recovered a judgment, and the fund in the hands of the receiver was found by that court to belong to Gillespie, and the court directed that it be applied to the payment of the judgment recovered by the plaintiff in that suit. From this judgment Gillespie never appealed, and, so far as he is concerned, it became final and conclusive when his time for appeal had expired. Having failed to appeal from that judgment and to secure a reversal of the same, we are bound to conclude, so far as he is concerned, that the judgment of the probate court was correct; and, even if the writ had run against the receiver, Gillespie could not recover in this case; and the fact that he entered into an agreement with Purmort at the time he assigned the money in the hands of the receiver to him could not in any manner affect the liability of Fleming on the bond in garnishment. Fleming knew nothing about any such contract, and could not have had such an obligation in his mind at the time he signed the bond. The damages a surety on a bond in garnishment agrees to pay are the actual, legitimate damages, directly and necessarily flowing from the wrongful seizure of the property or money in the hands of the garnishee, and are not such damages as may accrue by reason of a particular contract, which the plaintiff or the surety could have known nothing about at the time the bond was given.

After due consideration, the court has arrived at the following conclusions: A garnishment summons, served on one in his individual capacity, does not bind any prop-

erty or money held by him as a receiver.    This rule is well
established by the authorities.      It is said in Rood, Gar-
nish. sec. 260, that "the summons should be directed to the
garnishee, and in the capacity in which it is expected
to charge him; for judgment can be rendered only against
the party named in the summons.    Thus, if it is intended
to charge a corporation as garnishee, and the summons is
directed to the officer on whom the service is made, the
court will acquire no jurisdiction over the corporation,
and has no power to render judgment against it as gar-
nishee.    The summons should be directed to the garnishee
by its corporate name.      Likewise, service of garnishment
upon one as an individual will not bind property held by
him as executor; and no judgment could be rendered
against him in that capacity, though he appear and dis-
close liability as such."    The only damages for which the
surety on a bond in garnishment is liable are such dam-
ages as directly and necessarily arise from the wrongful
seizure of the property.    They cannot be remote and spec-
ulative.    In the case at bar, the money claimed to have
been garnished did not belong to Gillespie, and therefore
he could not have suffered in damages by reason of the
wrongful garnishment of the same.

Drake, Attachm. sec. 175:  "What is this actual dam-
age?   On general principles, it must be the natural, proxi-
mate, legal result or consequences of the wrongful act.
Remote or speculative damages, resulting from injuries to
credit, business, character, or feelings, cannot be re-
covered.    In Mississippi, under a statute which author-
ized 'loss of trade and special injury to business' to be
considered, it was held that contingent and uncertain
profits and losses of profits in speculative trade could not
be allowed. In Ohio, where a stock of goods kept for sale

by retail was seized, and the defendant's business consequently suspended, it was held that the jury might allow for natural and necessary loss of business during the time the same was suspended; but not for injury to reputation of the goods, suppossed to affect their marketable value. Actual damage may be properly comprehended under two heads: (1) Expense and losses incurred by the party in making his defense to the attachment proceedings; and (2) the loss occasioned by his being deprived of the use of his proj erty during the pendency of the attachment, or by an illegal sale of it, or by injury thereto, or loss or destruction thereof. For losses and trouble of these descriptions, the attachment defendant should be liberally remunerated. But, if the property attached was not the defendant's, he can recover no damages."

One who does not appeal from a judgment rendered against him in which garnishment proceedings are sustained cannot bring suit on the bond in garnishment for damages alleged to have been sustained by reason of the wrongful issuance and service of the writ in garnishment; for the reason that such judgment, if not appealed from, is conclusive and final. Issues once tried cannot be retried in another action. (*Tioga R. Co. v. Blossburg & C. R. Co.*, 20 Wall. 137; *Jordan v. Van Epps*, 85 N.Y.427; *Bloomer v. Sturges*, 58 N.Y.168; *Neil v. Tolman*, [Or.] 7 Pac. 103; *Sanford v. Oberlin College*, [Kan. Sup.] 31 Pac. 1089; *Water Co. v. Middaugh*, [Colo. Sup.] 21 Pac. 565.)

The demurrer to the plaintiff's petition was erroneously overruled. The petition did not state facts sufficient to constitute a cause of action against the plaintiff in error. A careful examination of the record shows that there are no questions in this case other than those

presented by the petition and demurrer. Therefore further proceedings in the lower court looking to another trial would subserve no good purpose. For the reasons herein stated, the judgment of the lower court is reversed and set aside, and the cause remanded, with directions to the trial court to sustain the demurrer of defendant to plaintiff's petition, and enter judgment in favor of O. J. Fleming, and against Andrew Gillespie, for all costs of this action, both in this court and in the court below. A mandate will issue out of this court in conformity herewith.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.