(39 Misc. Rep. 541.)

## NEWLAND v. ZODIKOW.

(City Court of New York, General Term.   December, 1902.)

1. TRUSTEE IN BANKRUPTCY—PLEADING.

> Where the complaint shows that plaintiff sues as a trustee in bankruptcy, the fact that in the captions of the summons and the complaint his name is followed by the word "trustee," and not by the words "as trustee," does not render the action one by him as an individual, under the rule that pleadings may be considered together in order to ascertain the true intent thereof.

Appeal from trial term.

Action by George F. Newland against Ludwig Zodikow.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before SEABURY and CONLAN, JJ.

Theodore N. Ripsom, for appellant.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for respondent.

SEABURY, J.   The action was brought against the defendant in the name of "George F. Newlands, Trustee," as plaintiff.   The summons and complaint were both entitled in this manner.   After the caption, the complaint shows that "George F. Newlands, the plaintiff above named, appearing by John Jay McKelvey, his attorney, complains of the defendant," etc.   The allegations contained in the body of the complaint clearly set forth the appointment of George F. Newlands as trustee in bankruptcy of Eleanor T. Summer, and that said Newlands duly accepted said trust, and thereafter qualified as such trustee.   The other allegations of the complaint clearly show that the cause of action therein stated was to the said Newlands in his representative capacity, and not individually.   Upon the trial, after the jury had been impaneled, the defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff. This motion was granted, subject to the exception of the plaintiff, and judgment was entered dismissing the complaint.   From the judgment so entered, the plaintiff appeals.

The respondent contends that, as the plaintiff in the title of the summons and complaint is designated simply "trustee," and does not sue "as" trustee, that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff.   It is true that an adherence to correct rules of pleading requires that, where persons sue or are sued in a representative capacity, the title should indicate that the suit is brought by or against them in their representative capacity.   When a person sues as an executor, trustee, or assignee, the word "as" should not be omitted from the title, but should follow the person's name.   When the word "as" is omitted, and the averments of the complaint do not show that the action is by or against parties in their representative capacity, the defect of omitting the word "as" or a description of representative character is fatal, and

the addition of the word "trustee," "executor," or "assignee," etc., is merely descriptio personæ. But when it appears from averments of the complaint that the action is by or against parties in their representative capacity, such a defect as the omission of the word "as" or a description of representative capacity is cured. Bryant's Code Pl. 185; Beers v. Shannon, 73 N. Y. 292; State v. Bartlett, 68 Mo. 581. The test by which to determine when an action is deemed to be brought in favor of or against a party as an individual and when in favor of or against him in a representative capacity was considered in First Nat. Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 60 Am. St. Rep. 601, when the court, through Andrews, C. J., said "that the title and pleadings may be considered together to ascertain the true nature of the action, and the action will be treated as an individual or representative one, as disclosed upon an inspection of the whole record." Applying this clear test to the determination of the question here presented, and viewing not only the title, but the whole complaint, we think it is plain that the action should be treated as a representative one. From this conclusion it follows that the judgment appealed from must be reversed, with costs to the appellant to abide the event.

Judgment reversed, with costs to appellant to abide event.

CONLAN, J., concurs.