## KOCH, Adm'x, v. SUTER et al.

No. 13120—Opinion Filed Sept. 30, 1924.

1. **Executors and Administrators—Parties—Individual or Official Capacity—Determination.**

The question of whether a suit has been instituted, or an appeal taken by the aggrieved party, in his individual capacity or in his official capacity as administrator, etc., is to a great extent one of intent to be gathered from the entire record.

2. **Same.**

Where the question for determination is that of the capacity in which a party appears in a suit or action, whether as an individual or as an official, the court should look to the record in its entirety, and should not be governed by some single fact, which may appear, or by some particular instrument contained in the record, in determining the intent of the party

3. **Same—Capacity of Party Appealing.**

The fact that the notice of appeal and appeal bond are signed by the appellant as administrator is not sufficient to, and

does not, determine the question of whether the appeal is taken by the individual, or by the administrator, when they are one and the same person, but the issues raised and joined by the pleading and the nature of the judgment appealed from should govern.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Caddo County; Will Linn, Judge.

Action between Emma Sanborn Koch, administratrix. and Clara Suter et al. From the judgment, the former appeals. **Reversed** and remanded.

G. W. Cornell, for appellant.

A. J. Perry and C. Ross Hume, for appellees.

Opinion by JONES, C. This suit originated in the county court of Caddo county, wherein the appellant, as administratrix of the estate of George W. Koch, deceased, filed her petition for discharge and distribution, and in her petition she asked that she be adjudged to be the owner of and entitled to 160 acres of land in Caddo county same being the homestead of the deceased and the administratrix, his widow. The court made distribution of all personal property and found that Emma Sanborn Koch, the administratrix and widow of George W. Koch, deceased, was entitled to hold and occupy the tract of land in controversy as a homestead, but only inherited one-half of the fee, and that the other legatees, heirs of the said George W. Koch, deceased, were entitled to the other one-half of the fee. From this portion of the judgment an appeal was taken by the appellant herein to the district court of Caddo county. The appellees filed a motion to dismiss the appeal in the district court as follows:

"Come now Clara Suter et al., appellees, interested in the estate of George W. Koch, deceased, and move the court to dismiss the appeal of said purported appellant, Emma Sanborn Koch, from a certain part of the judgment and decree of the county court of Caddo county. Okla., rendered on the 4th day of February, 1921, determining the descent and distribution of the real property of the estate of said deceased; and said appellees respectfully present grounds for the dismissal of said appeal as follows, to wit:

"(1) Said Emma Sanborn Koch, the purported appellant, failed to file her written notice of appeal and affidavit as required by law:

"(2) Said Emma Sanborn Koch, the purported appellant, has not executed and filed the appeal bond required by law.

"Wherefore, for reasons above stated appellees move the court to dismiss the appeal of said Emma Sanborn Koch herein filed."

This motion was presented to the court on the 2nd day of May, 1921, and denied, whereupon appellees asked leave and were granted permission to file instanter motion to dismiss the appeal of Emma Sanborn Koch, administratrix, which motion set forth practically the same grounds as contained in the former motion with the additional grounds that the said Emma Sanborn Koch, as administratrix, had delivered to Emma Sanborn Koch, the widow of the deceased, all of her share of the said estate and to other distributees their shares pursuant to the decree of the county court of February 24, 1921, and had filed the receipt therefor, and further allege in the motion that the administratrix had no property of said estate in her hands and no appealable interest therein at the time of her attempt to perfect an appeal therein, and was not a party aggrieved by the said decree of distribution of said estate. This motion was heard on the 13th day of October, 1921, by the district court of Caddo county, and sustained on the theory that she had appealed as administratrix, and as such had no appealable interest from which order the appellant appeals to this court. On appealing from the judgment of the county court the appellant filed the following notice of appeal in the district court:

"Notice of Appeal.

"Comes now Emma Sanborn Koch and gives notice of her appeal from the judgment and decree rendered by this court on the 4th day of February, A. D., 1921, distributing the real estate herein.

"The grounds of appeal are on questions of both law and fact; whether the said real estate, the S.W.¼ of sec. 10, twp. 9 N., R. 13 W. I. M., in Caddo county. state of Okla., was acquired by the joint industry and during coverture of this appellant and deceased, George W. Koch; which appellant contends is true, and that by reason thereof all the said real estate should go to her instead of only half thereof, subject to her homestead rights, as in said decree and judgment ordered.

"Dated February 14th, 1921

"Emma Sanborn Koch, Administratrix."

And she gave the following appeal bond:

"Know All Men By These Presents: That we, Emma Sanborn Koch, Adm'r, as principal, and William E. Wooley, now residing

at Carnegie in said county of Caddo, and G. W. Cornell, now residing at Weatherford in said county of Custer, and state of Oklahoma, as suretes, are held and firmly bound unto the territory of Oklahoma in the penal sum of $1,000, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly, severally and firmly, by these presents:

"Witness our hands this 14th day of February, A. D. 1921.

"The condition of the above obligation is such, that whereas, on the 4th day of February, A.D. 1921, the county court of said county of Caddo rendered and entered of record in said court an order, judgment and decree in the matter of the estate of George W. Koch, deceased, in substance and to the effect, as follows:

" 'That the southwest quarter of section 10, township 9, north in range 13 W. I. M., was the separate property of said deceased, and was not acquired during coverture by the joint industry of said deceased, and his surviving widow, Emma Sanborn Koch, from which order appeal is taken.'

"And, whereas, the above bounden Emma Sanborn Koch, principal herein, has taken an appeal from said order, judgment and decree to the district court of said county of Caddo on both questions of law and fact,

"Now, if the said appellant will prosecute her appeal with due diligence to a determination, and will abide, fulfill and perform whatever judgment, decree or order may be adjudged against her in that proceeding by the district court, and will pay all damages which the opposite party may sustain by reason of such appeal, together with all costs that may be adjudged against her, and, furthermore, in case said order, judgment and decree or any part thereof be affirmed, or the appeal be dismissed, if said appellant shall pay the sum so directed to be paid or levied, and shall deliver the property so directed to be delivered, or the party thereof as to which the said order, judgment and decree shall be affirmed, and shall within 20 days after such affirmance or dismissal surrender h—— in obedience to the said order, judgment and decree to the custody of the sheriff to whom he was committed, then this obligation to be null, and void, otherwise to be and remain in full force and effect.

"Emma Sanborn Koch, Adm'r.

"Signed and executed in presence of

"William E. Wooley,

"G. W. Cornell."

And William E. Wooley, one of the sureties named in the body of the bond, scheduled on the bond is the sum of $2,000, and duly subscribed same. The appellant sets forth the following specifications of error:

"(1) Said court erred in sustaining motion of defendants in error filed May 2nd, 1921, being the second motion of defendants in error to dismiss said cause of action.

"(2) The court erred in dismissing said cause of action on the second motion of defendants in error.

"(3) The court erred in not permitting said cause to proceed to trial.

"(4) The court erred in sustaining said second motion of defendants in error, without any evidence in support of said motion.

"(5) The court erred in not rendering judgment for plaintiff in error on the pleadings."

The only question for our consideration in this case is whether or not Emma Sanborn Koch appealed from the order and judgment of the county court of Caddo county in her individual capacity, or in her official capacity as administratrix of the estate of George W. Koch, deceased. It is clear from the record that there was nothing in the judgment of the county court which would aggrieve Emma Sanborn Koch as administratrix, and from which she would appeal from, or could appeal from, as administratrix, and in fact the record clearly discloses that the only controversy that ever existed between the appellant and the appellees was that of whether or not Emma Sanborn Koch was entitled to inherit the fee to the entire 160 acres of land, or to a one-half interest in said 160 acres of land, which in her petition for discharge and distribution she asked that she be adjudged to be the owner of the entire tract of land to the exclusion of the other legatees named in said petition, heirs of George W. Koch, deceased, and in the answer filed by the collateral heirs of George W. Koch, deceased, in response to the petition heretofore mentioned, all the allegations of the petition for discharge and distribution of the appellant herein are admitted by the answer of the appellees, except the allegations wherein the appellant alleges that she is entitled to receive as a part of her inheritance the entire tract of 160 acres of land, wherein they deny that the land was acquired by the joint industry and efforts of the administratrix and George M. Koch, deceased, during coverture, and aver that said property was at all times the separate property of the deceased, and that they are entitled to a one-half interest in the fee subject to the widow's homestead right. This was the only issue ever raised in the trial of this case, and is the only question from which, under the pleadings, an ap-

peal could have been taken, and the only objection which could have been made by the appellant herein necessarily must have been made in her individual capacity and not as the administratrix of the estate; and the fact that she gave an appeal bond would indicate her intention to appeal in her individual capacity, as administratrices are not required to give bond when appealing as such. As administratrix, she had no such interest in the distribution of the estate as would justify an appeal on her part, in her official capacity, from the judgment rendered, but from the pleadings and the facts as disclosed therefrom, it is clear that she did have an interest in her individual capacity and that she was aggrieved according to her contention, in her individual capacity, on account of the judgment rendered in the county court, and from which she appealed. From a careful examination of the notice of appeal and of the bond which she filed, wherein she is frequently referred to individually, and from the pleadings filed in the case, both by the appellant and the appellees, wherein the only issue joined is on a question wherein the individual interest of the appellant is in controversy, we think that unquestionably, viewing the record as a whole, it was the intention of the appellant to appeal in her individual capacity and not as administratrix. It is true that she signed the notice of appeal as administratrix and likewise the bond, but there is nothing in the body of either of the instruments. or in the pleadings, which would indicate that she had been aggrieved by reason of the judgment rendered, as administratrix, or that she was appealing as administratrix of the estate. On the other hand, it is clear that the question raised and the only interest involved is one in which she had an individual interest, and in which she would have no interest as administratrix of the estate.

In Fleming v. Gillespie, 7 Okla. 430, 54 Pac. 653, it is said:

We think the correct rule is that, unless it affirmatively appears from the pleadings that one has been sued in his official capacity, it will be presumed that he was sued as an individual."

And in Clement Bates, Pleadings, Parties & Forms, vol. 1, p. 90, the following rule is announced.

"It is not enough that plaintiffs describe themselves in the caption and body of the petition as administrators. They must distinctly aver they are such, or sue in their representative capacity," citing numerous authorities in support thereof. Mills v. Ral-

ston, 10 Kan. 206, 211; State to use of Edwards v. Bartlett, 68 Mo. 581, 583; Headlee v. Cloud, 51 Mo. 301; Neil v. Cherry, 1 West. Law Month, 155.

And on same page, Bates lays down this general rule:

"Where executors, corporations, partnerships using the firm name, receivers, etc., sue and are sued, their capacity or character must be averred in the body of the petition."

Appellees make the contention that the journal entry being filed, setting forth the judgment of the court in denying the first motion filed by the appellees to dismiss the appeal in the district court, wherein it is recited that the appeal bond was in fact given and filed by Emma Sanborn Koch, as administratrix of the estate of George W. Koch, deceased, and that for that reason the motion should be denied, etc., that it was an adjudication of this matter and, no appeal being taken therefrom. is binding, but as we view it. that portion of the journal entry is purely dictum. The motion referred to, which was the first motion filed by appellees, attacked the appeal on the grounds that the appellant failed to file her written notice of appeal and affidavit as required by law, and that the bond filed was not conditioned as required by law. There is nothing contained in the motion that would indicate that the question of whether she had appealed in her official capacity as administratrix was raised; in fact, the motion merely attacked her right to appeal in her individual capacity, and that motion was denied by the court.

We are, therefore, inclined to the opinion that the trial court was in error in sustaining the motion of the appellees to dismiss, and therefore recommend that the case be reversed and remanded to the district court for a trial on its merits.

By the Court: It is so ordered.